PENELOPE F. TRAVIS, ADMINISTRATRIX OF THE ESTATE OF DAVID MICHAEL TRAVIS v. JAMES GEORGE McLAUGHLIN AND RYDER TRUCK RENTAL, INC.

No. 7528SC995

(Filed 5 May 1976)

1. Rules of Civil Procedure § 12— motion to dismiss — method of making

Under G.S. 1A-1, Rule 12(b) the motion to dismiss, for whatever grounds asserted, may be made at the option of the pleader, either by motion before pleading or in the responsive pleading demanded by the adversary pleading; therefore, defendant in this action properly exercised his option to assert the statute of limitations in a Rule 12 motion.

2. Limitation of Actions § 10— defendant absent from State for more than one year — statute of limitations tolled

The trial court in a wrongful death action erred in granting defendant's motion to dismiss on the ground that plaintiff's claim was barred by the two-year statute of limitations, G.S. 1-53, since the statute of limitations was tolled, pursuant to G.S. 1-21, by defendant's absence from the State for more than one year after the cause of action accrued.

APPEAL by plaintiff from *Martin (Harry C.), Judge.* Order entered 10 October 1975, Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 March 1976.

On 8 August 1972 plaintiff's intestate was killed when the motorcycle which he was driving collided with a truck driven by James George McLaughlin. A wrongful death action was filed 14 December 1973 and summons was issued. An associate in the law firm of plaintiff's counsel discovered that defendant had left the Yancey County area and left no forwarding address.

On 6 May 1975 plaintiff had issued an alias and pluries summons and sent it with a copy of the complaint to the Sheriff of Wake County for service upon the Commissioner of Motor Vehicles. A registered letter sent to defendant's last known address in Yancey County was returned to the Commissioner on 27 May 1975 marked, "Returned to Sender," "Moved, No Address (gone over 2 years)."

On 29 May 1975 a communication from the California Department of Motor Vehicles revealed that defendant McLaughlin had been issued a driver's license on 25 January 1974, and his address was given as 775 Belden Street, Monterey, California.

On 24 September 1975 defendant moved for dismissal pursuant to Rule 12 on the grounds that he had not been served with process within the period allowed by the statute of limitations. By an order entered 10 October 1975 the court granted this motion, and plaintiff appeals from that order.

*Morris, Golding, Blue and Phillips by William C. Morris, Jr., for plaintiff.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, P.A., by O. E. Starnes, Jr., for defendant.*

CLARK, Judge.

Plaintiff's first argument is that the statute of limitations is an affirmative defense which must be pleaded in an answer and which may not ordinarily be raised by a Rule 12 motion. Plaintiff cites *Iredell County v. Crawford,* 262 N.C. 720, 138 S.E. 2d 539 (1964), and several other cases as support for her position. We note, however, that these cases were decided before 1967 and before the effective date of the Rules of Civil Procedure in North Carolina.

In *Teague v. Motor Co.,* 14 N.C. App. 736, 189 S.E. 2d 671 (1972), the court was presented with the question of whether plaintiff can file a complaint against the wrong party and then after the *statute of limitations has run,* attempt to bring the correct party into the action by a purported amendment of the complaint. Defendant appellee raised the defense of the statute of limitations in a motion to dismiss under Rule 12 on the grounds that defendant was not served with process within two years after the death of plaintiff's intestate and the claim was barred by G.S. 1-53. The motion to dismiss was granted in the trial court and affirmed by this Court, which stated: "Defense of the Statute of Limitations was properly raised by a Motion to Dismiss for failure to state a claim for relief. 1A Barron and Holzoff, § 281; 2A Moore's Federal Practice, § 12.09; . . . " 14 N.C. App. at 740.

[1] Under Rule 12(b) the motion to dismiss, for whatever grounds asserted, may be made at the option of the pleader, either by motion before pleading or in the responsive pleading demanded by the adversary pleading. In the present case the defendant properly exercised his option to assert the statute of limitations in a Rule 12 motion.

[2]   Plaintiff assigns as error the granting of defendant's mo-
tion to dismiss on the ground that her claim was barred by the
two-year statute of limitations, G.S. 1-53.

G.S. 1-21 tolls the statute of limitations because of the
absence of a defendant from the State at the time the cause
of action accrued, or if the defendant resides out of the State
or remains continuously absent therefrom for one year or more
after such cause of action accrues. G.S. 1-105 and G.S. 1-105.1,
providing for substitute service of a nonresident motorist by
service upon the Commissioner of Motor Vehicles, are not in
conflict with and do not repeal G.S. 1-21, even though there is
no need for a tolling statute when a nonresident defendant is
amendable to process. This Court so held in a recent decision
which was filed while the present case was pending appeal,
*Duke University v. Chestnut*, 28 N.C. App. 568, 221 S.E. 2d
895 (1976).

The order dismissing the plaintiff's claim is reversed and
the cause is remanded to the trial court for further proceedings
consistent with this opinion.

Reversed and remanded.

Judges BRITT and PARKER concur.