FEDERAL DEPOSIT INSURANCE CORPORATION v. LOFT APARTMENTS LIMITED PARTNERSHIP, BLUE BELL ADVISORS, INC., HAMPTON ADVISORY CORP., FORMERLY KNOWN AS SONNENBLICK-GOLDMAN ADVISORY CORP., CAPITAL INVESTMENT DEVELOPMENT CORP., NORTH AMERICAN MORTGAGE INVESTORS

No. 7810SC210

(Filed 16 January 1979)

Limitation of Actions § 4— wrongful conversion of security interest—accrual of cause of action—action not barred

Plaintiff's claim for the wrongful conversion of its security interest in certain property which was instituted on 7 September 1977 was not barred by the statute of limitations, since the period of the statute began to run when plaintiff's right to maintain the action for the alleged wrong accrued, and plaintiff alleged that the acts constituting conversion occurred "subsequent to September 9, 1974." G.S. 1-52(4).

APPEAL by plaintiff from Order of *Herring, Judge* entered 23 December 1977 in Superior Court, WAKE County. Heard in the Court of Appeals on 6 December 1978.

This is a civil action instituted on 7 September 1977 by issuance of summons and orders extending time to file a complaint.

On 27 September 1977, a complaint was filed wherein plaintiff sought damages for wrongful conversion of property in which it had a security interest and a judgment declaring the rights of the parties. The complaint alleged, among other things, that on 7 May 1973, Geneva Construction Company ("Geneva") and Loft Apartments Limited Partnership entered into a construction contract for an apartment project; that Geneva executed a security agreement on 29 May 1974 whereby it granted to American Bank and Trust Company ("Bank") a security interest and a continuing lien in all of Geneva's machinery, equipment, fixtures and office furniture, and all of Geneva's inventory; that the security interest was properly perfected; that on 7 August 1974 Geneva filed a petition for reorganization under Chapter 10 of the Federal Bankruptcy Act; that plaintiff, as successor in interest to the Bank with respect to the Bank's claim against Geneva and as attorney in fact for Geneva, is the rightful owner and entitled to possession of the property alleged to be subject to the Bank's security interest; that subsequent to 9 September 1974, defendants converted this property to their own use.

Defendants filed a motion under G.S. § 1A-1, Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted on the grounds that plaintiff's action was brought more than three years after its claim accrued and thus the claim was barred by G.S. § 1-52. No answer appears in the record.

On 23 December 1976, Judge Herring entered an order dismissing plaintiff's action as being barred by the three year statute of limitations in G.S. § 1-52(1) and (4). Plaintiff appealed.

*Maupin, Taylor & Ellis, by G. Palmer Stacy, III, for plaintiff appellant.*

*Poyner, Geraghty, Hartsfield & Townsend, by David W. Long, for defendant appellees Hampton Advisory Corporation and North American Mortgage Investors.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for defendant appellees Loft Apartments, Limited Partnership; Blue Bell Advisors, Inc.; and Capital Investment Development Corporation.*

HEDRICK, Judge.

The one question presented by this appeal is whether the trial court erred in allowing defendant's motion to dismiss plaintiff's action for failure to state a claim upon which relief could be granted pursuant to G.S. § 1A-1, Rule 12(b)(6).

In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim, or in the disclosure of some fact that will necessarily defeat the claim. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts that could be proved in support of the claim. *Sutton v. Duke*, 277 N.C. 94, 102-103, 176 S.E. 2d 161, 167 (1970); *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975).

When the complaint discloses on its face that plaintiff's claim is barred by the statute of limitations, such defect may be taken advantage of by a motion to dismiss under Rule 12(b)(6). *Travis v. McLaughlin*, 29 N.C. App. 389, 224 S.E. 2d 243, *cert. denied*, 290 N.C. 555, 226 S.E. 2d 513 (1976); *Teague v. Asheboro Motor Company*, 14 N.C. App. 736, 189 S.E. 2d 671 (1972); Wright & Miller, *Federal Practice and Procedure: Civil* § 1357, at 608 (1969).

Defendants argue, and the trial court apparently agreed, that plaintiff's claim was barred by three year statute of limitations set out in G.S. § 1-52, which provides:

Within three years an action —

(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections.

. . .

(4) For taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery.

Defendants' contentions are summarized in their brief as follows:

[Defendants] contend that [plaintiff's] rights in the collateral which is the subject of the security agreement in this case can rise no higher than the basic agreement upon which that security interest is founded and that when [plaintiff's] rights under the security agreement became barred by the statute of limitations the rights in the collateral likewise became barred.

Defendants' contentions presuppose that plaintiff's claim is based on the contract, and that plaintiff's action is to recover the property securing the debt. Plaintiff's complaint alleges a claim for damages for wrongful conversion of its security interest in the property. Such an action may be maintained in North Carolina. *Wall v. Colvard, Inc.*, 268 N.C. 43, 149 S.E. 2d 559 (1966); *Credit Corp. v. Satterfield*, 218 N.C. 298, 10 S.E. 2d 914 (1940). Plaintiff's interest in the property arises from the security agreement contract, but its claim is not one "upon a contract, obligation or liability arising out of a contract," and G.S. § 1-52(1) is not applicable.

Since plaintiff's claim is for the wrongful conversion of its security interest in the property, G.S. § 1-52(4) is applicable. The period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the alleged wrong accrues. *Wilson v. Crab Orchard Development Company*, 276 N.C. 198, 171 S.E. 2d 873 (1970). There can be no conversion until some act is done that is a denial or violation of the plaintiff's dominion over or rights in the property. *Gallimore v. Sink, supra*. Plaintiff has alleged that the acts constituting conversion occurred "subsequent to September 9, 1974." At that time, plaintiff still had an interest in the property securing the debt, notwithstanding defendants' contention that a default occurred on 7 August 1974 under the security agreement as a result of the filing of the petition for reorganization under the federal bankruptcy law. Assuming the truth of the allegations in the complaint, plaintiff has commenced the action within three years of the alleged acts of conversion, and the complaint does not reveal upon its face an insurmountable bar to plaintiff's claim.

The order dismissing plaintiff's complaint is reversed and the cause is remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judges PARKER and ERWIN concur.