[No. B007233. Second Dist., Div. Five. Aug. 19, 1985.]

JAMES EDWARD NICHOLS, a Minor, etc., Plaintiff and Appellant, v. SWIMQUIP, Defendant and Respondent.

**218**

COUNSEL

Joseph Daniel Davis for Plaintiff and Appellant.

Dunne, Shallcross & Kane and Allan C. Whelan for Defendant and Respondent.

OPINION

**EAGLESON, J.**—We hold that a manufacturer and seller of a diving platform installed in a swimming pool is not an improver of real property for purposes of the four-year statute of limitations in Code of Civil Procedure section 337.1.[1] The judgment of nonsuit entered in respondent's favor is reversed.

### FACTS

On September 7, 1969, appellant James E. Nichols was using the swimming pool at the South Hills Country Club. He fell through the railing on the three-meter diving platform, and was seriously injured.

On May 23, 1980, appellant filed suit against respondent Swimquip who stipulated that it designed, manufactured and sold the diving platform.[2] The complaint alleged, inter alia, that the platform was defectively designed in that it lacked adequate protection against accidental falls. It further alleged that the railing was negligently designed and manufactured.[3]

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Appellant was seven years old when the accident occurred. Appellant's father, James B. Nichols, was appointed guardian ad litem for purposes of this action.

Appellant also filed suit against the South Hills Country Club which cross-complained against respondent Swimquip. Appellant's actions against both defendants were consolidated for trial.

[3] The negligence cause of action was dismissed before trial.

Respondent's answer raised several affirmative defenses, including the 10-year statute of limitations embodied in section 337.15.

Testimony at trial established that the diving platform from which appellant fell was installed in 1955. The railing on each side of the board consisted of a single, semicircle bar that left a three-foot-high space between the board and the bar. In approximately 1956, respondent redesigned the three meter platform to include a vertical bar which bisected the space between the board and the bar. Respondent discontinued selling the model without the vertical bar after the new model was marketed.

At the end of trial, respondent amended its answer and pleaded section 337.1 as an affirmative defense in place of section 337.15. Respondent then moved for a nonsuit on the grounds that it was a person "furnishing the design" of an "improvement to real property," and that the action was brought more than four years after substantial completion of the improvement.

The trial court granted the motion and dismissed the complaint.

### DISCUSSION

Appellant argues that section 337.1 does not apply to respondent because respondent was the manufacturer of the platform and not the improver of real property within the meaning of the statute. We agree.

Section 337.1 limits the time for instituting an action to recover damages for patent deficiencies in improvements to real property.[4] Such actions generally must be brought no more than four years after substantial completion of the improvement.

---

[4]Section 337.1 provides in pertinent part: "(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:

"(1) Any patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;

"(2) Injury to property, real or personal, arising out of any such patent deficiency; or

"(3) Injury to the person or for wrongful death arising out of any such patent deficiency."

A companion statute, section 337.15, contains essentially the same language.[5] However, it places a 10-year limitation on actions involving latent deficiencies in improvements to real property. Also, unlike section 337.1, it does not apply to personal injury or wrongful death actions. (*Martinez* v. *Traubner* (1982) 32 Cal.3d 755, 761 [187 Cal.Rptr. 251, 653 P.2d 1046].)

As one prong of a two-prong statutory scheme, these statutes protect certain groups from indefinite liability. In discussing section 337.15, the Supreme Court made the following observation: "With judicial recognition that under some circumstances causes of action for negligence, product liability, or breach of warranty may not arise until discovery, the Legislature has responded by enacting statutes of limitation which require suit be filed within the shorter of two periods, one measured from the date of discovery and a second, longer period measured from the event giving rise to the cause of action." (*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 640-641 [147 Cal.Rptr. 486, 581 P.2d 197].) Sections 337.1 and 337.15 both fall into the latter group, by terminating liability a few years after the improvement is substantially completed. (*Sevilla* v. *Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611 [161 Cal.Rptr. 700].)

The Legislature enacted section 337.1 to protect construction contractors from extended liability. ■ In determining the legislative intent, we look " 'first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ The language of the statute clearly describes who may assert it as a defense: "*any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property . . . .*" This language does not refer to manufacturers or suppliers. Rather, it focuses on individuals directly involved in the construction industry, such as architects (*Salinero* v. *Pon* (1981) 124 Cal.App.3d 120 [177 Cal.Rptr. 204]), general contractors, and subcontractors (*Baker* v. *Walker & Walker, Inc.* (1982)

---

[5]Section 337.15 provides in pertinent part: "(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement for any of the following:

"(1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2) Injury to property, real or personal, arising out of any such latent deficiency."

133 Cal.App.3d 746 [184 Cal.Rptr. 245]). By freeing these groups from the specter of lawsuits in the distant future, section 337.1 promotes construction and the full enjoyment of real property. (*Wagner* v. *State of California* (1978) 86 Cal.App.3d 922, 929-930 [150 Cal.Rptr. 489].)

A manufacturer of products eventually installed in an improvement to real property is not entitled to the same statutory protection. In *Baker* v. *Walker & Walker, Inc., supra,* 133 Cal.App.3d 746, plaintiff's complaint for damages alleged that defective heating and air conditioning units in an office building caused the wrongful death of his mother. The defendants—the architect, the general contractor, the subcontractor who installed the units, and the manufacturers of the units—successfully moved to dismiss pursuant to section 337.1. The court reversed the judgment as to the manufacturers, holding that they were not the improvers of real property under section 337.1.

*Baker* relied on the reasoning in *Sevilla* v. *Stearns-Roger, Inc., supra,* 101 Cal.App.3d 608. There, plaintiff was injured while repairing a "pan" used to boil syrup in his employer's sugar refinery. Plaintiff sued the pan's designer and manufacturer on a products liability theory. The trial court granted defendants' summary judgment under sections 337.1 and 337.15.

In reversing this ruling, the Court of Appeal stated that the physical attachment of an item to real property does not determine the applicability of the statutes in question. Rather, the test is whether the defendant is in the class of persons the Legislature intended to protect: "Defendants assert [sections 337.1 and 337.15] should be invoked to cut off [plaintiff's] action because their 'pan' was ultimately installed in a sugar refinery. By this simple fact, defendants claim, a 'product' was transformed to an 'improvement to real property.' The effect of such a transformation would severely limit the development of products liability law and bestow this statutory protection on manufacturers of alleged defective products. There has been no indication the state Legislature sought to protect this group from liability. Nor has any appellate court applied these statutes in the area of products liability." (*Id.,* at p. 611.)

As in *Baker* and *Sevilla,* respondent is simply the manufacturer of a product which was ultimately installed in an improvement to real property.[6]

---

[6]In *Mattingly* v. *Anthony Industries, Inc.* (1980) 109 Cal.App.3d 506, 513 [167 Cal.Rptr. 292], the court held that a swimming pool is an improvement to real property under section 337.1. The court reserved the question of whether a swimming pool might also be a "product."

Our decision does not rest on a determination of whether the diving platform is an improvement to real property. Rather, we conclude that this particular defendant is not of the class of individuals intended to benefit from the statute.

Respondent mass-produced the diving platforms, which were listed in its customer catalog under the heading "deck equipment." Each unit was made according to the same specifications and was not modified for a particular location. The finished product was sold wholesale to distributors and pool contractors. Each platform was shipped piecemeal from respondent's factory to the buyer, with title transferring at that time. Respondent did not install or service the platforms. In sum, respondent had no connection with the real property on which its products eventually were installed. Respondent therefore cannot claim the protection of the statute.

■ Since appellant's action was timely filed under the applicable statute of limitations in section 340, subdivision 3, the trial court improperly granted respondent's motion for a nonsuit.[7]

## DISPOSITION

The judgment is reversed. Appellant to recover costs.

Feinerman, P. J., and Hastings, J., concurred.

---

[7]Section 340, subdivision 3 places a one-year limit on bringing personal injury actions based upon a products liability theory. (*G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 25 [122 Cal.Rptr. 218].) However, this period is tolled during the plaintiff's minority (Code Civ. Proc., § 352). Appellant was still a minor when this action was filed.