FORSYTH MEMORIAL HOSPITAL v. ARMSTRONG WORLD INDUSTRIES

[107 N.C. App. 110 (1992)]

FORSYTH MEMORIAL HOSPITAL, INC., A NORTH CAROLINA NONPROFIT CORPORATION, AND CAROLINA MEDICORP, INC., A NORTH CAROLINA NONPROFIT CORPORATION, PLAINTIFFS v. ARMSTRONG WORLD INDUSTRIES, INC., A PENNSYLVANIA CORPORATION, DEFENDANT

No. 9121SC305

(Filed 21 July 1992)

1. **Limitation of Actions § 4.2 (NCI3d)— manufacture and sale of asbestos floor coverings—statute of repose**

    The statute of repose for a defective condition of an improvement to realty set forth in N.C.G.S. § 1-50(5), rather than that provided in N.C.G.S. § 1-50(6) for defective products, applied to plaintiffs' claims against defendant manufacturer for negligence and breach of warranty in producing and selling floor coverings containing asbestos that were used in the construction of a hospital.

    **Am Jur 2d, Limitation of Actions § 16; Products Liability §§ 921 et seq.**

2. **Limitation of Actions § 4.2 (NCI3d)— manufacture and sale of asbestos floor coverings—negligence and breach of warranty—statute of repose**

    Plaintiffs' claims for negligence and breach of warranty by defendant for manufacturing and selling to plaintiffs floor coverings containing asbestos that were used in the construction of a hospital were barred by the six-year statute of repose set forth in N.C.G.S. § 1-50(5) where plaintiffs alleged that floor tile and sheet vinyl flooring manufactured by defendant was purchased and installed in the hospital in 1976 and 1977, and plaintiffs did not file suit until 1990. Even if defendant continued to produce and sell similar floor coverings containing asbestos until 1983 as alleged by plaintiffs and a connection between defendant's 1983 activities and plaintiffs could be shown, the six-year statute of repose would still bar claims for negligence or breach of warranty occurring in 1983.

    **Am Jur 2d, Limitation of Actions § 16; Products Liability §§ 921 et seq.**

FORSYTH MEMORIAL HOSPITAL v. ARMSTRONG WORLD INDUSTRIES

[107 N.C. App. 110 (1992)]

3. **Limitation of Actions § 4.2 (NCI3d) — manufacture and sale of asbestos floor coverings — willful and wanton negligence — statute of repose**

The ten-year limitation of N.C.G.S. § 1-52(16) still applies when the six-year limitation of N.C.G.S. § 1-50(5) does not apply because of allegations of willful and wanton negligence in furnishing materials as set forth in N.C.G.S. § 1-50(5)(g). Therefore, plaintiffs' claim for willful and wanton negligence by defendants in furnishing to plaintiffs floor coverings containing asbestos is barred on its face where plaintiffs alleged that defendant furnished the asbestos floor coverings in 1976 and 1977; damages to plaintiffs' property did not become apparent and a claim did not accrue until 1989-90; and plaintiffs' cause of action thus accrued more than ten years from the last omission of defendant relating to plaintiffs.

**Am Jur 2d, Limitation of Actions §§ 107 et seq.**

APPEAL by plaintiffs from order entered 19 February 1991 by *Judge William Z. Wood, Jr.*, in FORSYTH County Superior Court. Heard in the Court of Appeals 7 January 1992.

On 30 August 1990 plaintiffs brought suit alleging the following: Floor tile and sheet vinyl flooring manufactured, sold and furnished by Armstrong World Industries, Inc. (Armstrong) was purchased and installed during construction of certain parts of Forsyth Memorial Hospital including an addition built in 1976 and 1977. Some of the flooring material contained asbestos. Plaintiffs discovered the asbestos during the winter of 1989-90 during the renovation of the Hospital's intensive care wing. Plaintiffs contend that Armstrong was negligent in producing, selling, and furnishing flooring materials containing asbestos and that Armstrong breached the implied warranty of merchantability and fitness for a particular purpose. Plaintiffs also alleged that Armstrong's actions were intentional and done with willful and wanton disregard to the rights of plaintiffs and others similarly situated. Plaintiffs sought compensatory and punitive damages. The trial court granted defendant's Rule 12(b)(6) motion to dismiss. From this order plaintiffs appeal.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Michael W. Patrick, for plaintiff-appellants.*

*Hutchins, Tyndall, Doughton & Moore, by H. Lee Davis, Jr., and Thomas J. Doughton, for defendant-appellee.*

EAGLES, Judge.

[1] On appeal plaintiffs contend that the superior court erred in granting defendant's Rule 12(b)(6) motion to dismiss. The issues we must decide are first which statute of repose is applicable to plaintiffs' claims and second whether the complaint reveals on its face that plaintiffs' claims are barred. We hold that G.S. 1-50(5) applies and that plaintiffs' claims are barred.

I.

Plaintiffs argue that G.S. 1-50(5) applies in this situation rather than G.S. 1-50(6). We agree. G.S. 1-50(6) provides:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

G.S. 1-50(5) provides in part:

> a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.
>
> b. For purposes of this subdivision, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:
>
> . . .
>
> 5. Actions in contract or in tort or otherwise; . . . .

In *Trustees of Rowan Technical College v. J. Hyatt Hammond Associates, Inc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985), the Supreme Court said, "Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." While arguably either G.S. 1-50(5) or G.S. 1-50(6) might apply, G.S. 1-50(5) clearly applies more specifically to the situation here. Once the vinyl flooring was installed it became an improvement to real property.

[2] We note that plaintiffs alleged in their complaint that "[f]loor tile and sheet vinyl flooring manufactured, sold, and furnished by ARMSTRONG was purchased and installed during the construction of certain parts of the Hospital, including an addition added to the Hospital in 1976 and 1977." Because plaintiffs did not file suit until 1990, their breach of warranty and negligence claims are clearly barred by the six-year statute of repose found at G.S. 1-50(5). Plaintiffs also alleged that "ARMSTRONG continued to produce and sell similar flooring materials containing asbestos until 1983 long after it knew of the hazards presented by the presence of asbestos in such materials." The complaint fails to show any relationship between Armstrong's activities in 1983 and plaintiffs. Even if there was some connection, the six-year statute of repose would still operate as a bar to any alleged negligence or breach of warranty occurring in 1983.

## II.

[3] Finally, we address plaintiffs' claim that defendant engaged in willful and wanton conduct. While G.S. 1-50(5) provides for a six-year statute of repose, subsection (e) provides in part:

> The limitation prescribed by this subdivision shall not be asserted as a defense by any person who shall have been guilty of . . . willful or wanton negligence in furnishing materials . . . .

Additionally, we note that G.S. 1-50(5)(g) provides: "The limitation prescribed by this subdivision shall apply to the exclusion of G.S. 1-15(c), G.S. 1-52(16) and G.S. 1-47(2)." The question we must address is whether G.S. 1-52(16) still applies when the six-year limitation of G.S. 1-50(5) does not apply because of allegations of willful and wanton negligence as set out in G.S. 1-50(5)(e). The plain language of G.S. 1-50(5)(g) says *the limitation* applies to the exclusion of G.S. 1-52(16). Because the limitation of G.S. 1-50(5) does not apply here, we hold that G.S. 1-52(16) is applicable. G.S. 1-52(16) provides:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. *Provided that no cause of action shall accrue more than 10*

*years from the last act or omission of the defendant giving rise to the cause of action.*

(Emphasis added.) In their complaint plaintiffs allege that when Armstrong furnished the asbestos flooring to plaintiffs in 1976 and 1977, Armstrong knew of the dangers of asbestos. Accordingly, under G.S. 1-52(16), plaintiffs' cause of action could accrue no later than 1987. Here, plaintiffs' complaint reveals that the damage to plaintiffs' property did not become apparent and accrue until the fall and winter of 1989-90. As we noted earlier, plaintiffs' allegation that "ARMSTRONG continued to produce and sell similar flooring materials containing asbestos until 1983 long after it knew of the hazards presented by the presence of asbestos in such materials" fails to show any relationship between Armstrong's activities in 1983 and plaintiffs. Because the cause of action accrued in 1989-90, more than 10 years from the last act or omission of defendant relating to plaintiffs, plaintiffs' claim for willful and wanton conduct is barred on its face by G.S. 1-52(16).

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges COZORT and ORR concur.