FORSYTH MEMORIAL HOSPITAL, INC., A NORTH CAROLINA NONPROFIT CORPORA-
TION, AND CAROLINA MEDICORP, INC., A NORTH CAROLINA NONPROFIT COR-
PORATION, v. ARMSTRONG WORLD INDUSTRIES, INC., A PENNSYLVANIA
CORPORATION

No. 319PA92

(Filed 17 June 1994)

1. **Pleadings § 108 (NCI4th)— Rule 12(b)(6) motion to dismiss— statute of limitations or repose**

   A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some recognized legal theory. A statute of limitation or repose may be the basis of a Rule 12(b)(6) dismissal if on its face the complaint reveals the claim is barred.

   **Am Jur 2d, Pleading §§ 226 et seq.**

2. **Limitations, Repose, and Laches § 33 (NCI4th)— installation of flooring—improvement to real property—furnishing of materials**

   Upon installation, vinyl flooring became an improvement to plaintiffs' real property within the meaning of the real property improvement statute of repose, N.C.G.S. § 1-50(5). Furthermore, as used in § 1-50(5)(b)(9), the phrase "any person furnishing materials" refers to a materialman who furnished

materials to the job site either directly to the owner of the premises or to a contractor or subcontractor on the job.

**Am Jur 2d, Building and Construction Contracts § 114.**

3. **Limitations, Repose, and Laches § 29 (NCI4th) — floor coverings containing asbestos — manufacturer as materialman — applicable statute of repose**

The real property improvement statute of repose, N.C.G.S. § 1-50(5), not the products liability statute of repose set forth in N.C.G.S. § 1-50(6), governs plaintiffs' claims for negligence, breach of implied warranty, and willful and wanton misconduct by defendant in manufacturing and supplying floor coverings containing asbestos that were used in the construction of an addition to plaintiffs' hospital where plaintiffs' allegations permit them to prove that defendant manufacturer was a materialman, furnishing the offending materials to the job site, rather than a remote manufacturer.

**Am Jur 2d, Building and Construction Contracts § 114; Products Liability §§ 909-923.**

**What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.**

4. **Limitations, Repose, and Laches §§ 27, 29 (NCI4th) — improvement to real property — remote manufacturer — applicable statute of repose**

If defendant were only a remote manufacturer whose materials found their way to plaintiffs' job site indirectly through the commerce stream, defendant would not be a materialman and would not have furnished materials on the job site within the meaning of the real property improvement statute of repose. In such a case, the products liability, rather than the real property improvement, statute of repose would apply to plaintiffs' claim based on materials containing asbestos used in the construction of an addition to plaintiffs' hospital.

**Am Jur 2d, Building and Construction Contracts § 114; Products Liability §§ 909-923.**

**What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.**

5. **Limitations, Repose, and Laches § 29 (NCI4th)— floor coverings containing asbestos — breach of warranty — negligence — claims barred by statute of repose**

The six-year limitation of N.C.G.S. § 1-50(5)(a) barred plaintiffs' claims against defendant manufacturer for breach of warranty and negligence in furnishing floor coverings containing asbestos that were used in the construction of an addition to plaintiffs' hospital where the floor coverings were furnished in 1977 and 1978 and plaintiffs filed their action on 30 August 1990.

**Am Jur 2d, Building and Construction Contracts § 114.**

6. **Limitations, Repose, and Laches §§ 15, 31 (NCI4th)— improvement to real property — statute of repose — inapplicability to claim for willful and wanton negligence**

The statute of repose for claims involving nonapparent property damage, N.C.G.S. § 1-52(16), has no application to a claim arising out of an improvement to real property; rather, by providing in N.C.G.S. § 1-50(5)(g) that the six-year limitation prescribed by the subdivision applies "to the exclusion of the limitation periods set forth in G.S. 1-15(c), G.S. 1-52(16) and G.S. 1-47(2)," the legislature intended that all other provisions of the real property improvement statute of repose apply exclusively to claims based upon or arising out of the defective or unsafe condition of an improvement to real property, including the provision of subsection (e) which excepts claims sounding in fraud or willful or wanton misconduct from the six-year limitation period. Therefore, under N.C.G.S. § 1-50(5), no statute of repose could be asserted as a defense to a claim of willful and wanton negligence in furnishing floor covering materials containing asbestos for the construction of an addition to plaintiffs' hospital.

**Am Jur 2d, Building and Construction Contracts § 114; Limitation of Actions § 135.**

**What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.**

Justice MEYER dissenting.

**FORSYTH MEMORIAL HOSPITAL v. ARMSTRONG WORLD INDUSTRIES**

[336 N.C. 438 (1994)]

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 107 N.C. App. 110, 418 S.E.2d 529 (1992), affirming an order of dismissal entered by Wood, J., at 18 February 1991 Civil Session of Superior Court, Forsyth County. Heard in the Supreme Court 17 February 1993.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Michael Patrick, for Plaintiff/appellant.*

*Hutchins, Tyndall, Doughton and Moore, by H. Lee Davis, Jr. and Thomas J. Doughton, for Defendant/appellee.*

EXUM, Chief Justice.

This is an action arising out of the purchase and installation on plaintiffs' premises of asbestos-contaminated construction materials allegedly furnished by defendant. Plaintiffs filed suit sounding in negligence, breach of implied warranty and willful and wanton disregard for the rights of plaintiffs and others similarly situated. The issue presently dividing the parties concerns which statute of repose governs the action and whether such statute of repose time bars the claim. Because under plaintiffs' allegations, they may be able to prove that defendant, as a materialman, supplied directly to the jobsite the offending materials, plaintiffs' claim may be governed exclusively by the real property improvement statute of repose, N.C.G.S. § 1-50(5)(a)-(b) (1983), rather than the products liability statute of repose, N.C.G.S. § 1-50(6) (1983). While the six-year limitation period of section 1-50(5)(a) may bar plaintiffs' claim for negligence and breach of implied warranty, it would not bar their claim for willful and wanton misconduct because fraud and willful and wanton misconduct are specifically excepted from the six-year limitation period. N.C.G.S. § 1-50(5)(e).

Plaintiffs own and operate a hospital in Forsyth County known as Forsyth Memorial Hospital, Inc. Plaintiffs filed this action on 30 August 1990 in Forsyth County Superior Court, alleging that "[f]loor tile and sheet vinyl flooring manufactured, sold and furnished by defendant was installed during the construction of certain parts of the hospital," including an addition constructed in 1976 and 1977. During hospital renovations in 1989-90, plaintiffs discovered that some of the flooring materials supplied by defendant contained asbestos, an allegedly known hazardous material, and that plaintiffs were forced to incur additional costs resulting from its removal. The complaint further alleged that at the time of the manufacture

of the flooring material, defendant was aware that the asbestos in the flooring material was not readily identifiable by others and that if inhaled, the asbestos could cause asbestos-related disease. Despite this knowledge, plaintiffs alleged, defendant manufactured and sold the asbestos-contaminated materials until 1983.

In praying for both compensatory and punitive damages, plaintiffs alleged negligence, breach of implied warranty and intentional, willful and wanton disregard of the rights of plaintiffs and others similarly situated. The superior court dismissed the action on defendant's Rule 12(b)(6) motion and the Court of Appeals affirmed. We now reverse in part the Court of Appeals and hold plaintiffs' claim for willful and wanton misconduct was wrongfully dismissed.

[1] Because this appeal is before us by way of the Court of Appeals on a motion to dismiss for failure to state a claim upon which relief can be granted, we take all allegations of fact as true. *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351, 416 S.E.2d 166, 168 (1992). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting "the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory." *Lynn v. Overlook Dev.*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991). A statute of limitation or repose may be the basis of a 12(b)(6) dismissal if on its face the complaint reveals the claim is barred. *Oates v. Jag*, 314 N.C. 276, 333 S.E.2d 222 (1985); *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E.2d 693, *disc. rev. denied*, 297 N.C. 176, 254 S.E.2d 39 (1979); *Travis v. McLaughlin*, 29 N.C. App. 389, 224 S.E.2d 243, *disc. rev. denied*, 290 N.C. 555, 226 S.E.2d 513 (1976); *Teague v. Asheboro Motor Co.*, 14 N.C. App. 736, 189 S.E.2d 671 (1972); Wright & Miller, *Federal Practice and Procedure: Civil* § 1357, at 608 (1969).

Analyzing the sufficiency of plaintiffs' claim first requires a determination of the applicable statute of repose. The Court of Appeals held, and we agree, that plaintiffs' complaint was governed by the real property improvement statute of repose, N.C.G.S. § 1-50(5) (1983). N.C.G.S. § 1-50(5) is the statute of repose governing claims of defective improvements to real property against a materialman, who is one furnishing or supplying materials used in building construction, renovation or repair. *See Carolina Builders Corp. v. Howard-Veasey Homes*, Inc., 72 N.C. App. 224, 229, 324

S.E.2d 626, 629, *disc. rev. denied*, 313 N.C. 597, 330 S.E.2d 606 (1985); N.C.G.S. § 44A-8 (1989). It provides:

> a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

> b. For purposes of this subdivision, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:

> . . .

>> 9. *Actions against any person furnishing materials*, or against any person who develops real property or who performs or *furnishes* the design, plans, specifications, surveying, supervision, testing or observation of construction, or construction of an improvement to real property, or a repair to an improvement to real property.

N.C.G.S. § 1-50(5)(a)-(b) (emphasis added).

[2]  We conclude, as did the Court of Appeals, that upon installation the vinyl flooring became an improvement to plaintiff's real property. We also conclude that the phrase, "any person furnishing materials," refers to a materialman who furnished materials to the jobsite either directly to the owner of the premises or to a contractor or subcontractor on the job.

Our conclusion finds support in other jurisdictions. *See Snow v. Harnischfeger Corp.*, 823 F. Supp. 22, 25 (D. Mass. 1993) (defendant's "particularized service in designing and constructing [the materials] installed . . . makes it an actor within the protection of the Massachusetts statute of repose"); *City of Dover v. International Tel. and Tel. Corp.*, 514 A.2d. 1086, 1089 (Del. Super Ct. 1986) (defendant "was more than a mere supplier of [the materials], because [defendant] fabricated the [materials] it delivered" to plaintiff). *But see Independent School District #197 v. W.R. Grace & Co.*, 752 F. Supp. 286 (D. Minn. 1990); *Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596, 331 S.E.2d 476 (1985) (extending statute of repose to apply to even remote manufacturers); *Corbally v. W.R. Grace & Co.*, 993 F.2d 492 (5th Cir. 1993); *Nichols*

*by Nichols v. Swimquip, a Div. of Weil McClain*, 171 Cal. App. 3d 216, 217 Cal. Rptr. 272 (1985) (declining to extend statute's coverage to materialmen on job). Though the statutes of repose in the cases supporting our position do not specifically refer to "any person furnishing materials" but rather to "furnishing the design" of any improvement to real property, the United States Court of Appeals for the Sixth Circuit has construed "furnishing the design" to mean the same as "[furnishing materials] intended to become part of the realty." *In Re Beverly Hills Fire Litigation*, 695 F.2d 207, 225 (6th Cir. 1982).

[3] Defendant contends that section 1-50(5) is not applicable to plaintiffs' claim because the statute was not intended to cover actions against manufacturers of products. Although plaintiffs' complaint alleged that defendant manufactured, sold and furnished material purchased by plaintiffs, defendant contends it did not allege defendant directly sold material to plaintiffs or to the contractor who installed the material. Defendant submits plaintiffs' claim should be governed by N.C.G.S. § 1-50(6), the products liability statute of repose applicable to manufacturers of allegedly defective products, which provides:

(6) No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

N.C.G.S. § 1-50(6) (1983). Defendant contends this provision clearly applies to manufacturers, whereas the Court would have to "strain the language of G.S. 1-50(5) to make it also apply."

Insofar as plaintiffs' claims are concerned, the difference in the two statutes of repose, as we will show, is this: The real property improvement statute of repose expressly exempts all claims sounding in fraud or willful and wanton misconduct, whereas the products liability statute of repose contains no such exemption.

[4] Defendant construes plaintiffs' complaint too narrowly. "A complaint should not be dismissed under Rule 12(b)(6) '. . . unless it affirmatively appears that the plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim.' " *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (quoting *Presnell v. Pell*, 298 N.C. 715, 719, 260

FORSYTH MEMORIAL HOSPITAL v. ARMSTRONG WORLD INDUSTRIES

[336 N.C. 438 (1994)]

S.E.2d 611, 613 (1979) ). We agree that if defendant were only a remote manufacturer whose materials found their way to plaintiffs' jobsite indirectly through the commerce stream, then defendant would not be a materialman and would not have furnished materials on the jobsite within the meaning of the statute. In such a case, the products liability, rather than the real property improvement, statute of repose would apply. Plaintiffs' complaint, however, which alleges that the installed "floor tile and sheet vinyl flooring was manufactured, sold and *furnished* by ARMSTRONG" would permit plaintiffs to prove that defendant not only manufactured the flooring but also was a materialman for the job. Thus, the viability of plaintiffs' claim vis-a-vis the real property improvement statute of repose will rest on plaintiffs' ability to prove that defendant was a materialman, furnishing the offending material to the jobsite, rather than a remote manufacturer. Should plaintiffs prove only that defendant was a remote manufacturer and not a materialman, then the products liability statute of repose, § 1-50(6), would bar all of plaintiffs' claims.

[5] Assuming, without deciding, that plaintiffs will be able to prove that defendant was a materialman for the real property improvements, we now address the application of the real property improvement statute of repose to plaintiffs' claims. The Court of Appeals held, and we agree, that the six-year limitation of section 1-50(5)(a) barred plaintiffs' claims for breach of warranty and negligence. As for plaintiffs' claim of willful and wanton behavior, N.C.G.S. § 1-50(5)(e) provides:

> The limitation prescribed by this subdivision shall not be asserted as a defense by any person who shall have been guilty of fraud, or *willful or wanton negligence* in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, supervision, testing or observation of construction, or construction of an improvement to real property, or a repair to an improvement to real property, or to a surety or guarantor of any of the foregoing persons, or to any person who shall wrongfully conceal any such fraud, or willful or wanton negligence.

N.C.G.S. § 1-50(5)(e) (1983) (emphasis added). Further, N.C.G.S. § 1-50(5)(g) provides that "[t]he limitation prescribed by this subdivision shall apply to the exclusion of G.S. 1-15(c), G.S. 1-52(16) and G.S. 1-47(2)." N.C.G.S. § 1-50(5)(g) (1983).

The Court of Appeals concluded that because the limitation period of § 1-50(5) did not apply to the willful and wanton misconduct claim, none of the other provisions of § 1-50(5), including the exclusionary provision of § 1-50(5)(g), applied. Therefore, plaintiffs' claim was governed and barred by the statute of repose for claims involving nonapparent property damage, N.C.G.S. § 1-52(16), which provides:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C.G.S. § 1-52(16) (1983).

[6] We conclude section 1-52(16) has no application to a claim arising out of improvement to real property. Rather, the real property improvement statute of repose applies exclusively to all claims based upon or arising out of the defective or unsafe condition of an improvement to real property. We believe that by providing in § 1-50(5)(g) that "the six-year limitation prescribed by the subdivision applies to the exclusion of the limitation periods set forth in N.C.G.S. §§ 1-15(c), 1-52(16), and 1-47(2)," the legislature intended that all other provisions of the real property improvement statute of repose apply exclusively to such claims, including the provision which excepts claims sounding in fraud or willful and wanton misconduct from the six-year limitation period. The result is that under section 1-50(5), no statute of repose may be asserted as a defense to a claim of willful and wanton misconduct.

We find our resolution of this issue supported by *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 271 S.E.2d 385 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981). In *Feibus*, this Court considered the applicability of N.C.G.S. § 1-15(b), predecessor to section 1-52(16), to a claim alleging fraud against a defendant construction company for the defective and unsafe improvement to real property. Section 1-15(b) provided as follows:

FORSYTH MEMORIAL HOSPITAL v. ARMSTRONG WORLD INDUSTRIES

[336 N.C. 438 (1994)]

*Except where otherwise provided by statute,* a cause of action, other than one for wrongful death or one for malpractice arising out of the performance of or failure to perform professional services, having as an essential element bodily injury to the person or defect in or damage to the property which originated under the circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years for the last act of the defendant giving rise for relief.

N.C.G.S. § 1-15(b) (repealed 1979) (emphasis added). The defendant in *Feibus* contended that the ten-year statute of limitation in section 1-15(b) applicable to cases involving concealed injury should apply to *all* types of concealed injuries, even those expressly covered by other statutes. Actions sounding in fraud were expressly covered by N.C.G.S. § 1-52(9), which provided a three-year statute of limitations period running from the date of discovery of facts constituting fraud. The defendant argued that pursuant to the well-established rule of statutory construction, the two statutory provisions should be construed harmoniously. According to the defendant, section 1-15(b) would be applied as an outside limit on accrual of actions sounding in fraud, requiring such claims to be brought within ten years following the last act of the defendant. *Id.* at 304, 271 S.E.2d at 392. This Court held that because section 1-15(b) expressly limited its scope to those actions not "otherwise provided by statute," the principle of statutory construction cited by defendant was inapplicable. *Id.* Section 1-52(9) specifically provided the period of limitation and the time of accrual for fraud actions; therefore, section 1-15(b) had no application. *Id.*

The circumstances here are essentially the same as those addressed in *Feibus.* As with its predecessor, the terms of section 1-52(16) apply "unless otherwise provided by statute." Therefore, since section 1-50(5) is the statute of repose governing actions against a materialman arising out of improvement to real property, it applies to the exclusion of 1-52(16).

Defendant contends this Court previously has held that where the limitation in section 1-50(5) does not apply, the limitation periods codified in section 1-52(16) are applicable. *Rowan County Bd. of*

*Educ. v. United States Gypsum Co.*, 332 N.C. 1, 418 S.E.2d 648 (1992). In *Rowan County*, the plaintiff, Rowan County Board of Education, asserted claims of negligence, fraud and misrepresentation and breach of implied warranty against the defendant, U.S. Gypsum Co. ("USG"), arising out of the manufacture and installation of ceiling plaster containing asbestos in Rowan County public schools. In a suit filed in 1985, Rowan County alleged the contaminated materials were purchased and installed between 1950 and 1960. USG moved for summary judgment on the ground that Rowan County's claims were barred by the applicable statutes of limitation and repose, N.C.G.S. §§ 1-15(b), 1-50(5), 1-50(6), 1-52(5). The trial court granted the motion. Reversing the trial court, the Court of Appeals held that the statutes of limitation and repose do not run against a political subdivision of the State pursuing a governmental purpose. This Court affirmed, holding that the plaintiff escaped the running of any statute of limitation or repose under the common law doctrine of *nullum tempus occurit regi*, or claims asserted by the sovereign may not be time-barred. In its analysis the Court noted: "Clearly, if USG is correct that the statutes of limitation and repose apply to Rowan, Rowan's suit, which was brought twenty-four years after the last installation, was time-barred." *Id.* at 6, 418 S.E.2d at 652. Defendant contends that, by this language, the Court implicitly acknowledged the applicability of section 1-52(16).

We do not agree. By this statement, the Court in *Rowan* merely conjectured as to the case's result were the Court to have sustained USG's contentions. The Court did not expressly, or by implication, rule on which statute of repose might be applicable.

For the foregoing reasons, the decision of the Court of Appeals is affirmed as to disposition of plaintiffs' negligence and breach of warranty claims, and reversed as to disposition of plaintiffs' claim sounding in willful and wanton misconduct, and remanded to the Court of Appeals for remand to Superior Court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

Justice MEYER dissenting.

I dissent from the majority's opinion determining that there is no statute of repose for fraudulent or willful or wanton negligence

claims brought against manufacturers of products who also deliver the product to a plaintiff. I believe that N.C.G.S. § 1-50(6) governs such claims as brought by the plaintiff here. N.C.G.S. § 1-50(6) was specifically enacted to deal with claims against manufacturers. *See Bernick v. Jurdan*, 306 N.C. 435, 446-47, 293 S.E.2d 405, 412-13 (1982). The statute states:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

N.C.G.S. § 1-50(6) (1983).

Since 1979, Chapter 99B and N.C.G.S. § 1-50(6) have applied to manufacturers of products. *Tetterton v. Long Manufacturing Co.*, 314 N.C. 44, 50, 332 S.E.2d 67, 71 (1985). The action at issue here involves damages caused by a product manufactured by defendant. I believe that N.C.G.S. § 1-50(6) is a specific statute that addresses the claim at issue and as such should control questions regarding the statute of repose for such claims.

The majority concludes that N.C.G.S. § 1-50(5) applies because defendant here, in addition to being the manufacturer, allegedly delivered the defective goods to the plaintiff, thus becoming a materialman and subject to N.C.G.S. § 1-50(5) under the language of N.C.G.S. § 1-50(5)(a)(9), which states that actions may be taken "against any person furnishing materials." N.C.G.S. § 1-50(5)(a)(9) (1983). I believe that there is no reason to distinguish between a manufacturer of defective goods who does not deliver the defective goods and a manufacturer of defective goods who does deliver the defective goods. The evidence here is that the alleged willful or wanton negligence of the manufacturer occurred when the product was manufactured. There is absolutely no evidence that defendant's transportation and delivery of the defective product materials to the work site was in any way fraudulent or willfully or wantonly negligent. As I see no reason to distinguish between two manufacturers (one who only manufactured and one who manufactured and delivered), both of whose negligence occurred only in the manufacture of the goods, I believe that the correct statute to apply in determining the statute of repose is the statute that more specifically addresses this particular situation, N.C.G.S. § 1-50(6).

Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability. "When two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature, even if the general statute is more recent, unless it clearly appears that the legislature intended the general statute to control." *Seders v. Powell*, 298 N.C. 453, 459, 259 S.E.2d 544, 549 (1979).

*Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985) (citations omitted).

Assuming *arguendo*, however, that N.C.G.S. § 1-50(6) is inapplicable, I believe that claims of willful or wanton negligence or fraud in all events are barred by the ten-year statute of repose in N.C.G.S. § 1-52(16). Although N.C.G.S. § 1-50(5)(g) provides that "[t]he *limitation* prescribed by this subdivision shall apply to the exclusion of . . . G.S. 1-52(16)" (emphasis added), I conclude that there is no specific *limitation* prescribed by N.C.G.S. § 1-50(5) with regard to claims of fraud or willful or wanton negligence. *See Forsyth Memorial Hospital v. Armstrong World Industries*, 107 N.C. App. 110, 113, 418 S.E.2d 529, 531 (1992) (limitations as set forth in N.C.G.S. § 1-50(5) do not apply to allegations of willful or wanton negligence). N.C.G.S. § 1-50(5)(e) specifically states that the six-year limitation prescribed by this subdivision "shall not be asserted as a defense by any person who shall have been guilty of fraud, or willful or wanton negligence in furnishing materials." As N.C.G.S. § 1-50(5) does not provide a limitation for claims of fraud or willful or wanton negligence, I would find that these claims are not otherwise provided for by statute and therefore are governed by N.C.G.S. § 1-52(16), which provides that

[u]nless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C.G.S. § 1-52(16) (1983). The claims now before the Court were brought more than ten years after the last act of defendant and thus are barred by the statute of repose.

The majority's opinion will indefinitely extend liability for manufacturers who deliver their own goods. "Such a result would certainly defeat the intent of the legislature to limit the manufacturer's liability at some definite point in time." *Tetterton*, 314 N.C. at 56, 332 S.E.2d at 74. I simply cannot believe that the legislature intended that there be no statute of repose whatsoever for such claims as are now before the Court.

I would affirm the Court of Appeals, finding that the plaintiff's claim was barred either by N.C.G.S. § 1-50(6), the six-year statute of repose, or in all events by N.C.G.S. § 1-52(16), the ten-year statute of repose.