**NATIONAL PROPERTY INVESTORS, VIII, Plaintiff,**

v.

**SHELL OIL COMPANY, et al., Defendants.**

**No. 5:95–CV–1035–BO.**

United States District Court, E.D. North Carolina, Western Division.

Dec. 9, 1996.

Charles T. Francis, Wood & Francis, Raleigh, NC, for plaintiff.

Bradford A. De Vore, Womble, Carlyle, Sandridge & Rice, Charlotte, NC, for Shell Oil Company.

Mark S. Brennan, Sr., Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for Hoechst Celeneses Corporation.

James K. Dorsett, III, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for E.I. Dupont de Nemours & Company, Inc.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment on the grounds that Plaintiff's cause of action is barred by North Carolina's six-year products liability statute of repose, N.C.Gen.Stat. § 1–50(6) (1995). The parties do not contest the fact that North Carolina substantive law controls in this case. For the reasons stated below, Defendants' motion is GRANTED.

### Background

Plaintiff is a California limited partnership which owns a 212 unit apartment complex, called Huntington Apartments, in Morrisville, North Carolina. Plaintiff's claims stem from an allegedly defective polybutylene plumbing system installed in the Huntington Apartment complex. Plaintiff alleges claims for strict liability, negligence, breach of implied warranty of fitness for a particular purpose, breach of express warranties, intentional and negligent misrepresentation, and consumer fraud.

Defendants, Shell, Celanese, and DuPont, are raw material suppliers who sold resin to other companies that manufactured the components of the polybutylene plumbing system.

The Huntington Apartment complex was built between 1985 and 1987. The latest certificate of occupancy for a building in the complex was issued on October 13, 1987. Therefore, the plumbing system at issue was fully installed by October 13, 1987.

Plaintiff filed this action on January 9, 1995, more than seven years after the purchase and installation of the polybutylene plumbing system at the Huntington Apartment complex.

### Discussion

■ In granting summary judgment, Rule 56 of the Federal Rules of Civil Procedure directs the Court to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met his burden, the non-moving party only needs to put forth evidence from which a jury might return a verdict in order to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253–57, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). Summary judgment is also appropriate when there is an issue of time limitation. When a statute of limitations or statute of repose is a legally sufficient defense to a claim, summary judgement should be granted to the defending party. *See Weinberger v. Retail Credit Co.*, 498 F.2d 552 (4th Cir.1974); *Lindsay v. Public Service Co. of North Carolina*, 725 F.Supp. 278 (W.D.N.C.1989).

This Motion for Summary Judgment hinges on whether Plaintiff's claims are barred by North Carolina's Product Liability Statute of Repose. This statute provides that "[n]o action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption." N.C.Gen.Stat. § 1–50(6) (1995). Section 1–50(6) is incorporated into North Carolina's products liability statute at N.C.Gen.Stat. § 99B–1(3), and describes those actions to which § 1–50(6) applies.[1]

---

1. Products liability action includes any action brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certi-

A statute of repose "serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue." *Black v. Littlejohn,* 312 N.C. 626, 633, 325 S.E.2d 469 (1985). Thus, a statute of repose is a condition precedent to the action itself whereas a statute of limitation acts as a procedural bar to an action which has already accrued. *See Bolick v. American Barmag Corp.,* 306 N.C. 364, 369–70, 293 S.E.2d 415 (1982). All products liability claims, regardless of their nature, are subject to this statute. *See e.g., Colony Hill Condominium I Assoc. v. Colony Co.,* 70 N.C.App. 390, 396, 320 S.E.2d 273 (1984), *review denied,* 312 N.C. 796, 325 S.E.2d 485 (1985) (North Carolina Legislature intended for the products liability statute of repose to cover a multiplicity of claims that can arise out of a defective product); *Bonti v. Ford Motor Co.,* 898 F.Supp. 391, 399 (S.D.Miss.1995) (North Carolina Products Liability Statute of Repose barred plaintiff's claims for negligence, breach of warranty, misrepresentation, and strict liability).

The statute "is intended to be a substantive definition of rights which sets a fixed limit after the time of the product's manufacture beyond which the seller will not be held liable." *Bryant v. Adams,* 116 N.C.App. 448, 456, 448 S.E.2d 832 (1994), *review denied,* 339 N.C. 736, 454 S.E.2d 647 (1995). In essence, this statute gives the defendant a "vested right not to be sued" if the plaintiff fails to file within the six-year period. *Id.* at 456, 448 S.E.2d 832. Since it is an uncontested fact that Plaintiff failed to file suit within the six-year period, if the products liability statute of repose applies to this matter, all of Plaintiff's claims are barred.

Plaintiff, in opposition to Defendants' argument, contends that the North Carolina Products Liability Statute of Repose is inapplicable. Plaintiff asserts that the proper statute in this matter is the North Carolina Real Property Improvement Statute of Repose. N.C.Gen.Stat. § 1–50(5)[2]. The two statutes of repose are similar in scope except for the fact that Section 1–50(5) expressly exempts claims for fraud or willful and wanton misconduct from the scope of the statute. N.C.Gen.Stat. § 1–50(5)e. *See Forsyth Memorial Hospital, Inc. v. Armstrong World Indus.,* 336 N.C. 438, 444, 444 S.E.2d 423 (1994) ("*Forsyth I*") ("The real property improvement statute of repose expressly exempts all claims sounding in fraud or willful and wanton misconduct, whereas the product liability statute of repose contains no such exemption."). Therefore, even if the real property statute were applicable in this matter, only Plaintiff's fraud claim would not be barred.

Plaintiff's argument hinges on two assertions: 1) that the installation of the plumbing system in question is akin to an improvement of real property; and 2) that defendants are "materialmen" within the meaning of the statute. Plaintiff's argument fails because Defendants are classified as "remote manufacturers" and not as "materialmen". The distinction between these two terms was recently clarified by the North Carolina Courts. The term "materialman" refers to one "who furnish[s] materials to the jobsite either directly to the owner of the premises or to a contractor or subcontractor on the job." *Forsyth I,* 336 N.C. at 443, 444 S.E.2d 423. A "materialman" furnishes materials directly to the ultimate consumer, whereas a "remote manufacturer" places "its product into the stream of commerce" and has no intent to sell or deliver directly to an end user. *Forsyth Memorial Hospital, Inc. v. Armstrong World Indus.,* 122 N.C.App. 413, 470 S.E.2d 826, 830–31 (1996) ("*Forsyth II*").

The Defendants in the case at bar are clearly remote manufacturers. They sold raw materials to manufacturers who, in turn, used the materials to manufacture a plumb-

---

fying, warning, instructing, marketing, selling, advertising, packaging or labeling of any product. *See* N.C.Gen.Stat. § 99B–1(3).

**2.** Section 1–50(5) provides that:
No action to recover damages based upon or arising out of the defective or unsafe condition of

any improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

714

ing system that was eventually sold through the stream of commerce by distributors and retailers. This plumbing system was bought and installed more than six years before Plaintiff filed this lawsuit. Furthermore, there is no evidence that Defendants have acted in any way to be estopped from invoking the statute of repose. Accordingly, Plaintiff's action is barred by the statute of repose.

Defendants' Motion for Summary Judgment is GRANTED.

SO ORDERED.