O. W. OAKLEY v. THE TEXAS COMPANY.

(Filed 6 January, 1953.)

**1. Pleadings § 19c—**

> Upon demurrer, a pleading will be liberally construed in favor of the pleader.

**2. Limitation of Actions § 6b—Action held for recurrent trespass and therefore not barred by statute of limitations.**

> Plaintiff instituted this action to recover damages to his land caused by the seeping of gasoline from defendant's underground storage tank. Defendant pleaded the statute of limitations because the action was not instituted within three years from the first injury alleged. By reply, plaintiff alleged that on three separate occasions defendant dug up and reinstalled the tank to stop the leakage, the last of which was within three years of the institution of the action. *Held:* Construing the reply liberally, it is sufficient to allege recurring acts of negligence or wrongful conduct, each causing a renewed injury to plaintiff's property, and therefore demurrer to the reply should have been overruled. G.S. 1-52 (3).

APPEAL by plaintiff from *Bone, J.,* July Term, 1952, of PERSON. Reversed.

Suit to recover damages for injury to plaintiff's real property caused by seepage of gasoline from defendant's pumps and tanks.

Plaintiff alleged that under a lease agreement entered into with defendant in 1946 defendant installed two gasoline pumps from which plaintiff dispensed gasoline to the public; that following an injury to one of the pumps it was reinstalled 15 November, 1948; that thereafter gasoline was observed in the water in plaintiff's well, plaintiff using the water from the well in his Sandwich Shop on the premises, and the water became undrinkable; that plaintiff notified defendant and efforts were made to repair the pump and prevent the escape of gasoline; that after many efforts to correct the trouble had failed and plaintiff had lost $370 worth of gasoline, plaintiff had to have another well dug far enough away not to be contaminated by the escaping gasoline; that the new well cost $652, and plaintiff lost trade in his Sandwich Shop and had to close it out.

Plaintiff alleged defendant was negligent in repairing and reinstalling defective equipment, and that defendant's negligence caused the losses of which plaintiff complains.

The defendant in its answer admitted the lease agreement, and that defendant at plaintiff's request made certain repairs to its pumps in November, 1948, but denied the allegations of negligence or fault on its part; and for a further defense set up the three years' statute of limitations, alleging that for more than three years before he instituted his suit plaintiff had actual knowledge of the facts alleged, and that his action is barred.

Plaintiff in reply alleged that following the reinstallation of the damaged pump in November, 1948, gasoline continued to seep from the pump, and that on or about 15 March, 1949, the defendant again repaired and reinstalled the pumps, and that in November, 1949, in an effort to correct the damage resulting from defective equipment, the defendant dug up the pumps and made substantial repairs and reinstalled the same; that the defendant, not having corrected the damage and being cognizant of the same, in March, 1950, again removed the tanks and pumps for repairs; that as a result of the repeated repairing and reinstalling of defective equipment plaintiff's well was contaminated and he was forced to dig another well in August, 1950.

Defendant demurred to plaintiff's reply on the ground that the plaintiff has not "set forth facts which would bring the institution of his action for the alleged cause of action set forth in his complaint within the statute of limitations."

The demurrer was sustained, and the plaintiff excepted and appealed.

*Donald L. Dorey and R. B. Dawes for plaintiff, appellant.*
*Clem B. Holding for defendant, appellee.*

DEVIN, C. J. The defendant did not demur to the complaint, but demurred to the reply as having failed to set forth facts sufficient, as against the plea of the statute of limitations, to show the action was instituted within the time limited.

The theory of the demurrer is that the complaint, though alleging the injury was due to defendant's negligence, sets out a case of continuing trespass, and that under the statute, G.S. 1-52 (3), the action therefor must have been commenced "within three years from the original trespass, and not thereafter"; that the plaintiff has fixed November, 1948, as the first injurious act, and his suit was not commenced until 4 January, 1952.

The defendant's position is that the complaint has described a continuous injury to his real property amounting in law to a trespass beginning 15 November, 1948, and that in attempting to reply to the plea of the statute in the answer plaintiff has failed to state facts which would show his action was brought within the statute.

Giving that liberal construction to the plaintiff's pleading that the rule in this jurisdiction requires (*Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874), we think the plaintiff has set out in his reply definite dates of alleged recurring acts of negligence or wrongful conduct on the part of the defendant in 1949 and 1950, each causing renewed injury to his property and culminating in the loss of his well and his sandwich business.

In *Sample v. Lumber Co.,* 150 N.C. 161, 63 S.E. 731, the plaintiff sued to recover damages for wrongful timber cutting. There was evidence that the cutting had begun more than three years before suit, and had been continuous. On the question of the statute of limitations the Court had this to say: "True, the statute declares that actions for trespass on real estate shall be barred in three years, and when the trespass is a continuing one such action shall be commenced within three years from the original trespass and not thereafter; but this term, 'continuing trespass,' was no doubt used in reference to wrongful trespass upon real property, caused by structures permanent in their nature and made by companies in the exercise of some *quasi*-public franchise. Apart from this, the term could only refer to cases where a wrongful act, being entire and complete, causes continuing damage, and was never intended to apply when every successive act amounted to a distinct and separate renewal of the wrong."

This statement of the law was quoted with approval in *Teeter v. Tel. Co.,* 172 N.C. 783, 90 S.E. 941, and *Ivester v. Winston-Salem,* 215 N.C. 1 (9), 1 S.E. 2d 88.

In *Anderson v. Waynesville,* 203 N.C. 37, 164 S.E. 583, it was said: "The injury resulting from a nuisance or a trespass upon real property is continuous in its nature and gives successive causes of action as successive injuries are perpetrated. Continuous injuries caused by the maintenance of a nuisance are barred only by the running of the statute against the recurrent trespasses." See also *Perry v. R. R.,* 171 N.C. 38, 87 S.E. 948; *Lightner v. Raleigh,* 206 N.C. 496 (504), 174 S.E. 272; 34 A.J. 106; 54 C.J.S. 127.

There was error in sustaining the defendant's demurrer to the reply. Judgment reversed.