■ In the Matter of Pigott Construction International, Ltd., Appellant, v Rochester Institute of Technology, Respondent. (And Another Proceeding.) — Order affirmed, with costs. All concur, Cardamone, J., not participating. Memorandum: Petitioner Pigott Construction International, Ltd. (general contractor), substantially completed construction of a building project for respondent Rochester Institute of Technology (owner) in September, 1974. Shortly thereafter, and while work by the general contractor continued on a large number of "punch list" items, masonry defects appeared in the walls of the building. Pursuant to the guarantee provisions of article 13 of the General Conditions of the Contract for Construction (the American Institute of Architects [A.I.A.] form), the general contractor completed remedial work on the walls in 1976. The defects reappeared and in January, 1981 the owner served a demand for arbitration upon both the general contractor and the architect, each of which, in separate proceedings, thereafter sought a stay of arbitration

(CPLR 7503, subd [b]). The owner moved to compel arbitration (CPLR 7503, subd [a]), and from an order denying the petitions of the general contractor and the architect, and granting the owner's application to compel arbitration, only the general contractor appeals. The general contractor argues that the dispute is not arbitrable because the owner did not first refer its claim to the architect for decision and thus failed to satisfy a contractual condition precedent and further, that the owner's claim is barred by the Statute of Limitations. Neither argument has merit. Subparagraph 2.2.7 of article 2 of the general conditions of the construction contract provides: "Claims, disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time." In *Matter of County of Rockland [Primiano Constr. Co.]* (51 NY2d 1), that provision was construed in relation to other provisions of article 2 of the general conditions of the standard A.I.A. contract. The court held (pp 10-11) that because the authority of the architect is centered on the operational phases of construction, claims asserted after substantial completion of the work do not fall within the scope of subparagraph 2.2.7 and thus reference to the architect was not a condition precedent to arbitration. Nor is there any merit to petitioner's claim that arbitration is time barred (CPLR 7503, subd [a]; 7502, subd [b]). The parties agree that the dispute is contractual in nature and that the six-year Statute of Limitations (CPLR 213, subd 2) is the applicable statute under subparagraph 7.10.2 of the construction contract. The owner's cause of action accrued upon completion of the work required to be done under the contract (cf. *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389). Article 13 thereof required the general contractor promptly to correct all work rejected by the architect as defective or as failing to conform to the contract documents, and such work was not completed until 1976. Thus arbitration was timely demanded. (Appeal from order of Monroe Supreme Court, Boehm, J. — arbitration — construction contract.) Present — Dillon, P. J., Cardamone, Callahan, Moule and Schnepp, JJ.