■ In the Matter of CHASE ARCHITECTURAL ASSOCIATES, Appellant, v MOYERS CORNERS FIRE DEPARTMENT, INC., Respondent. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: Petitioner Chase Architectural Assoc. (Chase) is an architect, and petitioner J. R. Gallagher Constr. Co., Inc. (Gallagher) is a general contractor. They appeal from orders denying their applications to stay arbitration which was demanded by the owner, Moyers Corners Fire Dept., Inc. (Moyers). By contracts made upon standard AIA forms, Chase agreed to provide architectural services for the design and construction of a building for Moyers, and Gallagher agreed to construct the building. Moyers' demand for arbitration is dated October 4, 1982. It states claims against both Chase and Gallagher for breach of contract and negligence, and seeks damages of $100,000. Chase and Gallagher contend that arbitration should be stayed because Moyers' claims are barred by the Statute of Limitations (CPLR 7502, subd [b]). We disagree. Where, as here, a contract for architectural services requires issuance by the architect of a final certificate for payment, a cause of action accrues against the architect upon issuance of such certificate. It is ordinarily that event which terminates the professional relationship between the architect and the owner (*Board of Educ. v Celotex Corp.*, 88 AD2d 713, affd 58 NY2d 684). While Chase has never issued a final certificate for payment as required by the contract, its professional relationship with the owner could not have terminated before construction of the building was completed in February, 1977. Similarly, Moyers' cause of action against Gallagher accrued upon completion of construction (*State of New York v Lundin*, 60 NY2d 987; *Matter of Pigott Constr. Int. v Rochester Inst. of Technology*, 84 AD2d 679). Thus the demand for arbitration of Moyers' claims for breach of contract and negligence was timely (see CPLR 213; *Video Corp. v Flatto Assoc.*, 58 NY2d 1026; *Baratta v Kozlowski*, 94 AD2d 454). (Appeal from order of Supreme Court, Onondaga County, Donovan, J. — arbitration.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.

■ In the Matter of J. R. GALLAGHER CONSTRUCTION Co., INC., Appellant, v MOYERS CORNERS FIRE DEPT., INC., Respondent. (Appeal No. 2.) — Order unanimously affirmed, with costs. Same memorandum as in *Matter of Chase Architectural Assoc. v Moyers Corners Fire Dept.* (appeal No. 1) (99 AD2d 646). (Appeal from order of Supreme Court, Onondaga County, Donovan, J. — arbitration.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.