OPINION OF THE COURT
Thomas F. McGowan, J.
Defendant Harold McQuestion (McQuestion) moves for preanswer dismissal on the grounds that this action is time barred by the six-year Statute of Limitations pursuant to CPLR 213 (2).
Plaintiff commenced this suit against the defendant McQuestion on March 9, 1987 for breach of a construction agreement between plaintiff and defendant McQuestion executed on October 22, 1979. The contract covered certain improvements to plaintiffs residential property, which im *177 provements were completed no later than December 31, 1980. Defendant Gordon was sued for alleged breach of contract for architectural services in the design of the improvements; defendant Gordon is not a party to this motion.
The issue addressed here is a narrow one, resulting from the able arguments of counsel at Special Term; that is, whether article 22 of the agreement extended the completion of the contract to bring the action within the six-year limitation.
Article 22, in pertinent part, states: "The contractor [defendant McQuestion] * * * shall remedy any defects due to faulty materials, equipment or workmanship which appear within a period of one year from the date of substantial completion of contract.”
Defendant McQuestion argues that the Statute of Limitations should be measured from the time of substantial completion of the initial work, that being no later than December 31, 1980. In support, defendant McQuestion offers the rule set forth in State of New York v Lundin (60 NY2d 987, 989), that a "cause of action generally accrues upon the completion of construction, meaning completion of the actual physical work.” Were such a date used, the present action would be time barred, having been brought more than six years from the date of accrual.
In opposition, plaintiff asserts that article 22 of the contract delays the running of the Statute of Limitations for one year after substantial completion of construction. Therefore, substantial completion of the construction having been set by the parties as no later than December 31, 1980, the Statute of Limitations poses no bar to this action, commenced in March 1987.
By the terms of the contract, the parties have agreed that a cause of action does not accrue, from which the Statute of Limitations is measured, until after the one-year remedial period runs. (Matter of Pigott Constr. Intl. v Rochester Inst. of Technology, 84 AD2d 679, 680; see, Board of Educ. v Celotex Corp., 88 AD2d 713, 714, affd 58 NY2d 684.) The contract requires, as part of its terms, that the contractor undertake to "remedy defects in faulty materials, equipment or workmanship”. The court finds, as a matter of law, that until such time as the defendant contractor has failed to remedy such defects, the right of action for breach of the contract does not accrue.
The court hastens to add that the foregoing interpretation *178 of article 22 does not impermissibly extend the Statute of Limitations applying to contract actions beyond the six-year period under CPLR 213 (2). It is the court’s finding that article 22 merely contractually sets the time from which the Statute of Limitations is measured. Such a finding is entirely consistent with the rule set forth in State of New York v Lundin (60 NY2d 987, supra) and its kin.
Defendant McQuestion, in anticipating the ruling of this court, offers a most compelling argument that because the work must be completed (within the meaning of Lundin, supra) before it can be evaluated as satisfactory or defective, the completion date of no later than December 31, 1980 should control.
Nevertheless, the court is not convinced by defendant McQuestion’s argument. Article 22 effectively prohibits completion of the contract until one year after the actual construction has been substantially completed. The operative purpose of article 22 is to define what "completion” of the contract means in this particular instance. The result of article 22 is that it fixes the commencement of the Statute of Limitations.
Accordingly, defendant McQuestion’s motion for dismissal is denied.