HAYWOOD STREET REDEVELOPMENT CORPORATION, INC. v.
HARRY S. PETERSON, CO., INC.

No. COA95-56

(Filed 21 November 1995)

**1. Limitations, Repose, and Laches § 29 (NCI4th)— negligent damage to real property—plaintiff's knowledge of defect— action barred by statute of limitations**

Plaintiff's action for negligent damage to real property was barred by the statute of limitations where defendant agreed to install a waterproofing surface on plaintiff's parking deck in February of 1987; as of 15 December 1987 plaintiff was aware that

HAYWOOD STREET REDEVELOPMENT CORP. v. PETERSON CO.

[120 N.C. App. 832 (1995)]

the surface area was already peeling up and water was leaking into plaintiff's building; the three year statute of limitations began to accrue then; and this negligence claim was not filed until 1992.

**Am Jur 2d, Building and Construction Contracts § 114.**

2. **Estoppel § 22 (NCI4th)— issue raised first time on appeal—issue not considered**

Because plaintiff did not raise estoppel in its pleading below or in its responsive pleading on the summary judgment motion, it could not raise the issue for the first time on appeal.

**Am Jur 2d, Estoppel and Waiver §§ 134 et seq.**

3. **Limitations, Repose, and Laches § 57— prospective warranty of waterproofing—continued defects—new breaches—action not barred by statute of limitations**

Where defendant's warranty of its work provided that waterproofing would be free of certain defects for a period extending through 15 March 1993, there was a new breach of agreement each day that the waterproofing was not free of defects, and with the occurrence of each breach, a new cause of action accrued; therefore, plaintiff's action instituted in 1992 was not barred by the statute of limitations.

**Am Jur 2d, Limitation of Actions § 127.**

4. **Limitations, Repose, and Laches § 57 (NCI4th)— seller's efforts to make repairs—statute of limitations tolled**

Since a statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty, defendant continued to attempt to repair the waterproofing through 30 November 1990, and this action was filed in 1992, the statute of limitations had not expired.

**Am Jur 2d, Limitation of Actions § 127.**

Appeal by plaintiff from judgment entered 21 October 1994 in Buncombe County District County by Judge Shirley H. Brown. Heard in the Court of Appeals 29 September 1995.

*Steven Andrew Jackson, and Kaylor & Luffman, by Stephen D. Kaylor, for plaintiff-appellant.*

*R. Cartwright Carmichael, Jr., for defendant-appellee.*

**HAYWOOD STREET REDEVELOPMENT CORP. v. PETERSON CO.**

[120 N.C. App. 832 (1995)]

GREENE, Judge.

Haywood Street Redevelopment Corporation, Inc. (plaintiff) appeals from summary judgment entered 21 October 1994 in District Court for Buncombe County, North Carolina.

Harry S. Peterson, Co., Inc., (defendant) contracted on 9 February 1987 to install a waterproofing surface on plaintiff's parking deck. Defendant gave a written express warranty on 15 June 1988, which did not expire until 15 March 1993. The warranty provided:

[T]he sealant or waterproofing work provided under this warranty shall be free of defects related to the following causes for the stated warranty period.

  1) Cohesive or adhesive failure of the materials supplied resulting from faulty workmanship or defective materials.

  2) Material failure due to weathering.

  3) Abrasion or tear failure of the work supplied resulting from normal use.

During the warranty period Peterson will make, or cause to be made, any repairs necessary to correct deficiencies in the work provided such deficiencies result directly from the above described causes.

The warranty also stated that all other express or implied warranties, including the implied warranty of merchantability and fitness, are excluded.

The waterproofing began being applied in 1987, at which time plaintiff became aware that the surface area was "already peeling up" and "water was already leaking into the Haywood Park building." A letter from defendant to plaintiff dated 30 November 1990 indicates that defendant was still trying to repair leaks in the surface area when the letter was written. However, in the same letter, defendant refused to do any further repairs without payment for past work. Plaintiff rejected this offer, and on 6 October 1992 filed a complaint for negligence, breach of contract and breach of implied and express warranties.

Defendant filed a motion to dismiss, claiming plaintiff's claims were barred by the three year statute of limitations in N.C. Gen. Stat.

**HAYWOOD STREET REDEVELOPMENT CORP. v. PETERSON CO.**

[120 N.C. App. 832 (1995)]

§ 1-52(1), (5) and (16). Defendant's Motion for Summary Judgment was granted "based upon the statute of limitations."

---

The issues are (I) (A) whether plaintiff's negligence claim is barred by the statute of limitations, and if so, (B) is defendant estopped from asserting the statute of limitations; and (II) whether plaintiff's breach of warranty claim is barred by the statute of limitations.

I

(A)

[1] The statute of limitations for negligent damage to real property is set out in N.C. Gen. Stat. § 1-52. Section 1-52(5) provides that an action "for any other injury to the person or rights of another not arising on contract" must be brought within three years from when the cause of action accrues. N.C.G.S. § 1-52(5) (1983); *see Condominium Assoc. v. Scholz Co.*, 47 N.C. App. 518, 526, 268 S.E.2d 12, 18 (1980) (negligence action is limited by section 1-52(5)). The action does not accrue until the physical damage "becomes apparent or ought reasonably to have become apparent . . . ." N.C.G.S. § 1-50(5)(f) (1983); N.C.G.S. § 1-52(16) (1983).

In the affidavit submitted by plaintiff, plaintiff acknowledges that as of 15 December 1987, the surface area was "already peeling up, and water was already leaking into the Haywood Park building." At this time, plaintiff was aware of the defective condition, and the three year statute of limitations began to accrue. Because this negligence claim was not filed until 1992, more than three years later, the trial court correctly dismissed this claim as barred by the statute of limitations.

(B)

[2] Plaintiff argues alternatively that his negligence claim is not barred by the statute of limitations because the defendant is estopped to assert the statute of limitations. Plaintiff contends that defendant is estopped from raising the statute of limitations as a defense because of its "misrepresentations upon which Plaintiff Haywood Street reasonably relied." Specifically, plaintiff argues that it relied upon defendant's five year express warranty and oral promises by defendant to repair the defective waterproofing.

HAYWOOD STREET REDEVELOPMENT CORP. v. PETERSON CO.

[120 N.C. App. 832 (1995)]

Plaintiff is raising estoppel for the first time in this Court. This Court has held that an affirmative defense, under N.C. Gen. Stat. § 1A-1, Rule 8(c), must be plead before it reaches this Court, or it will not be allowed. *See Allred v. Tucci*, 85 N.C. App. 138, 144, 354 S.E.2d 291, 295-96, *disc. rev. denied*, 320 N.C. 166, 358 S.E.2d 47 (1987) (plaintiff could not use estoppel on appeal where she failed to plead estoppel in her responses to defendant's motions); *see also Gillis v. Whitley's Discount Auto Sales*, 70 N.C. App. 270, 277, 319 S.E.2d 661, 666 (1984) (because *necessity* was not pleaded or effectively argued before the trial court, it cannot be raised for the first time on appeal). Because plaintiff did not raise estoppel in its pleadings below, or in its responsive pleading on the summary judgment motion, it cannot raise it for the first time on appeal.

II·

**[3]** The statute of limitations for breach of warranty and contract claims is also three years. N.C.G.S. § 1-52(1) (1983). For the same reasons given for affirming the dismissal of the negligence claim, the breach of contract claim was properly dismissed. With regard to the breach of warranty claim, the defendant contends that because the damages were apparent to the plaintiff in December 1987, that claim also accrued on that date and is thus barred by the statute of limitations.·We disagree.

In this case, the warranty provides that the waterproofing will "be free of [certain] defects" for a period extending through 15 March 1993. The warranty, therefore, is in the nature of a prospective warranty, in that it guarantees the future performance of the waterproofing for a stated period of time. *See* E.E. Woods, Annotation, *Statute of Limitations: When Cause of Action Arises on Action Against Manufacturer or Seller of Product Causing Injury or Death*, 4 A.L.R.3d 821 § 4 (contrasting present and prospective warranties); *see also* N.C.G.S. § 25-2-725(2) (1986) (statute of limitations statute making distinction for warranties extending to future performance); *Ontario Hydro v. Zallea Sys., Inc.*, 569 F. Supp. 1261, 1266 (D. Del. 1983) (under Uniform Commercial Code (UCC), warranty for future performance *"guarantees the performance* of the product itself for a stated period of time" (emphasis in original)). In other words, the warranty was a guarantee that the waterproofing would be free of defects through 15 March 1993 and on each day the waterproofing was not free of defects, there was a new breach of the agreement.

With the occurrence of each breach, a new cause of action accrued. *See* 54 C.J.S. *Limitations of Actions* § 84, at 120 (1987) ("where a cause of action is predicated on numerous acts occurring over an extended period, the action accrues with each act"). Other courts agree with this position. *See Bulova Watch Co. v. Celotex Corp.*, 389 N.E.2d 130, 132 (N.Y. 1979); *Vogelsang v. McQuestion*, 518 N.Y.S.2d 345, 346 (Sup. 1987); *Beckstead v. Deseret Roofing Co.*, 831 P.2d 130, 132 (Utah App. 1992); *Krueger v. V.P. Christianson Silo Co.*, 240 N.W. 145, 146 (Wis. 1932); *cf. Oakley v. Texas Co.*, 236 N.C. 751, 753, 73 S.E.2d 898, 899 (1953) (each separate act of a recurring trespass gives rise to a separate cause of action); *cf. Sunbow Indus., Inc. v. London*, 58 N.C. App. 751, 753, 294 S.E.2d 409, 410, *disc. rev. denied*, 307 N.C. 272, 299 S.E.2d 219 (1982) (attorney had continuing duty to file financing statement). We are aware that under the UCC, a breach of a warranty that extends to future performance accrues when the breach is or should have been discovered. N.C.G.S. § 25-2-725(2) (1986); 3 William D. Hawkland, *Hawkland UCC Series* § 2-725:02 (1994). If the UCC applied to this case, therefore, the breach of warranty action would have accrued at the time the plaintiff became aware that the waterproofing was defective, which was in 1987, and this action would have to be dismissed. This case is not, however, governed by the UCC. N.C.G.S. § 25-2-102 (1986) (applies only to "transactions in goods"); *see Forsyth Memorial Hosp. v. Armstrong World Indus.*, 336 N.C. 438, 443, 444 S.E.2d 423, 426 (1994) (upon installation, vinyl floor covering became improvement to real property). Indeed the UCC has its own set of rules with regard to accrual of actions, which are not consistent with the general rules applicable in non-UCC cases. N.C.G.S. § 25-2-725 (1986) (breach of contract action accrues when the breach occurs, without regard to when the injury is discovered). Accordingly, in this non-UCC case, because the plaintiff's action was filed within three years of a breach of the warranty, the trial court erred in dismissing it.

[4] In this case, there is an additional reason why the statute of limitations has not expired. A statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty. *Styron v. Supply Co.*, 6 N.C. App. 675, 680, 171 S.E.2d 41, 45 (1969); *see Mack v. Hugh*, 225 Cal. App. 2d 583, 589-90 (1964); *cf. Stallings v. Gunter*, 99 N.C. App 710, 714, 394 S.E.2d 212, 215, *disc. rev. denied*, 327 N.C. 638, 399 S.E.2d 125 (1990) (statute of limitations tolled in malpractice action where physician continues to treat the patient). The defendant continued to attempt to

repair the waterproofing through 30 November 1990 and this action was filed in 1992, well within the three year statute.

We do not address the statute of limitations with regard to the plaintiff's claim based on breach of implied warranty because any implied warranties were excluded in the express warranty agreement.

Reversed in part and remanded.

Chief Judge ARNOLD and Judge SMITH concur.