ALEC WHITTAKER, PLAINTIFF v. ROBERT W. TODD D/B/A/ SOUTHERN EXTERIORS, DEFENDANTS

No. COA05-361

(Filed 21 February 2006)

**1. Statutes of Limitation and Repose— roofing work—statute of repose—warranty—pleading for monetary damages only**

Plaintiff's action for monetary damages from a roofing job was barred by the statute of repose of N.C.G.S. § 1-50(a)(5)a because it was brought outside the 6 year statutory period. Although plaintiff contended that workmanship on the job was under warranty, his complaint was for monetary damages only and was not for breach of warranty.

**2. Statutes of Limitation and Repose— statute of repose not an affirmative defense—pleading not required**

The statute of repose in this case, N.C.G.S. § 1-50(a)(5)a, is not an affirmative defense. Defendant was not required to specially plead it and did not waive it by not raising it until the day of trial.

Appeal by plaintiff from judgment entered 7 December 2004 by Judge Addie Harris Rawls in Johnston County District Court. Heard in the Court of Appeals 29 November 2005.

*Whittaker Law Firm, by Malcolm E. Whittaker, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

SMITH, Judge.

Alec Whittaker ("plaintiff") appeals the trial court's dismissal of his action for monetary damages for defective installation and workmanship of a porch roof on his residence. For the reasons stated herein, we affirm.

The pertinent factual and procedural history is as follows: On 22 January 1991, plaintiff contracted with Robert W. Todd d/b/a/ Southern Exteriors ("defendant") for defendant to replace the porch roof at Whittaker's home. The written contract provides: "All workmanship guaranteed for as long as you own home; materials as specified by manufacturer." While painting his house in 2003, plaintiff discovered one corner of the seal around his porch roof had failed and water had caused rot. Plaintiff contacted defendant by letter dated 27 August 2003 seeking repair of the roof. Defendant did not provide warranty service. On 11 November 2003, plaintiff commenced this action by filing a complaint for money owed in small claims court. Following an award to plaintiff in small claims court, defendant appealed. The District Court granted defendant's motion to dismiss concluding plaintiff's claim was barred by N.C. Gen. Stat. § 1-50(a)(5)a. Plaintiff appeals.

---

Plaintiff presents the following issues on appeal: (I) whether N.C. Gen. Stat. § 1-50(a)(5)a limits defendant's express warranty; (II) whether defendant waived the defense of the statute of repose; and (III) whether the trial court abused its discretion by denying plaintiff's motion for change of venue.

[1] N.C. Gen. Stat. § 1-50(a)(5)a (2003) provides in pertinent part:

No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C. Gen. Stat. § 1-50(a)(5)a "is designed to limit the potential liability of architects, contractors, and perhaps others in the construction industry for improvements made to real property." *Lamb v.*

*Wedgewood South Corp.*, 308 N.C. 419, 427-28, 302 S.E.2d 868, 873 (1983). The statute is a statute of repose and provides an outside limit of six years for bringing an action coming within its terms. *Id.*

In the instant case, plaintiff contends the statute of repose does not bar this action because defendant provided an express warranty guaranteeing the workmanship for as long as plaintiff owns the home. We disagree.

Plaintiff commenced this action by filing a complaint in the small claims division for "money owed", not breach of warranty. Plaintiff's action is barred by the statute of repose which prohibits an action to recover damages for "the defective or unsafe condition of an improvement to real property" that is not brought within six years of "substantial completion of the improvement." N.C. Gen. Stat. § 1-50(a)(5)a. Plaintiff cites *Haywood Street Redevelopment Corp. v. Peterson Co.*, 120 N.C. App. 832, 463 S.E.2d 564 (1995), *disc. review denied*, 342 N.C. 655, 467 S.E.2d 712 (1996) in asserting the statute of repose does not bar the instant action. In *Haywood*, the plaintiff sued for negligence, breach of contract, and breach of express and implied warranties. This Court held plaintiff's breach of warranty claims were not barred by the statute of limitations because the warranty was for a specified period of time and each day there was a breach a new cause of action accrued. *Id.* at 836-7, 463 S.E.2d at 566-7. In the instant case, however, plaintiff filed a complaint for monetary damages only and did not sue for breach of warranty. Thus, plaintiff's reliance on *Haywood* is misplaced. We conclude plaintiff's action for monetary damages is barred by the statute of repose, N.C. Gen. Stat. § 1-50(a)(5)a.

**[2]** Plaintiff next contends defendant waived "his affirmative defense of 'Statute of Repose' under N.C. Gen. Stat. § 1A-1, Rule 8(c) because he did not raise it until the day of trial." We disagree.

In *Tipton & Young Construction Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 446 S.E.2d 603 (1994), *aff'd per curiam*, 340 N.C. 257, 456 S.E.2d 308 (1995), this Court held that a statute of repose "is a condition precedent to a party's right to maintain a lawsuit." *Id.* at 117, 446 S.E.2d at 605. The Court also held that a plaintiff is required to plead and prove that the statute of repose is not a bar to the maintenance of the action. *Id.* Thus, the statute of repose is not an affirmative defense and defendant was not required to specially plead it.

**WHITTAKER v. TODD**

[176 N.C. App. 185 (2006)]

Having concluded the instant action is barred by the statute of repose, N.C. Gen. Stat. § 1-50(a)(5)a, and that the trial court did not err in dismissing the action, we do not address plaintiff's remaining assignment of error. The judgment of the trial court is affirmed.

Affirmed.

Judges WYNN and STEELMAN concur.