VICTORIA L. ROEMER, Plaintiff v. PREFERRED ROOFING, INC., formerly known as PREFERRED ROOFING, L.L.C., Defendant

No. COA07-1554

(Filed 3 June 2008)

**Construction Claims; Statutes of Limitation and Repose— roofing system—negligence—breach of contract—breach of warranty—motion to dismiss—specific performance**

The trial court did not err in a negligence, breach of contract, and breach of warranty case arising out of the installation of a new roofing system by granting defendant roofing company's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6), because: (1) plaintiff's complaint filed 18 July 2007 alleged the roofing project was completed in the summer of 2000, and plaintiff accepted the completed project; (2) plaintiff's complaint was filed approximately seven years after substantial completion of the improvement, and thus plaintiff's action was barred by the statute of repose under N.C.G.S. § 1-50(a)(5)a prohibiting an action to recover damages for the defective or unsafe condition of an improvement to real property that is not brought within six years of substantial completion of the improvement; (3) plaintiff's claim for monetary damages only was barred by the statute of repose; and (4) plaintiff's remedy for breach of an alleged lifetime warranty claim brought more than six years from the later of the specific act or omission of defendant giving rise to the cause of action or substantial completion of the improvement lies in specific performance and not damages, and plaintiff's complaint failed to assert a claim for specific performance of the alleged lifetime warranty.

Appeal by plaintiff from order entered 15 October 2007 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 15 May 2008.

*William E. West, Jr., for plaintiff-appellant.*

*Robert J. Lawing and H. Brent Helms, for defendant-appellee.*

TYSON, Judge.

Victoria Roemer ("plaintiff") appeals from order entered, which granted Preferred Roofing, Inc.'s ("defendant") motion to dismiss. We affirm.

## I.  Background

On or about 23 November 1999, plaintiff and defendant entered into a contract to remove the existing roof on plaintiff's home and replace it with a new roofing system. Several years after the project was completed, plaintiff discovered alleged defects with the roof including: (1) loose slate tiles; (2) separation of gutters from the house; and (3) rotten wood under the roof.

On 18 July 2007, plaintiff filed a complaint and alleged claims of: (1) negligence; (2) breach of contract; and (3) breach of warranty. Plaintiff's complaint asserted defendant had: (1) negligently performed its obligations under the contract; (2) failed to install the new roof in a professional and competent manner as was required by the parties' contract; and (3) failed to comply with its express lifetime warranty of the dependability and reliability of the installation of the roof. Plaintiff sought compensatory damages in an amount in excess of $10,000.00.

On 19 September 2007, defendant moved to dismiss all of plaintiff's claims. Defendant's motions to dismiss alleged: (1) plaintiff had failed to obtain valid service of process over defendant; (2) the trial court lacked jurisdiction over both defendant and the subject matter of the action; and (3) plaintiff's complaint failed to state any claim upon which relief may be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendant withdrew its motions to dismiss challenging service of process and jurisdiction. On 12 October 2007, plaintiff filed a motion for voluntary dismissal without prejudice of her negligence and breach of contract claims.

On 15 October 2007, the trial court entered its order, which found "as a matter of law that plaintiff's [c]omplaint is barred by the applicable statute of repose and that defendant's motion to dismiss should be allowed." The trial court dismissed plaintiff's claim for damages for breach of warranty with prejudice. Plaintiff appeals.

## II.  Issue

Plaintiff argues the trial court erroneously dismissed her complaint under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## III.  Breach of Warranty Claim

Plaintiff argues her "complaint . . . stated a claim upon which relief could be granted." We disagree.

ROEMER v. PREFERRED ROOFING, INC.

[190 N.C. App. 813 (2008)]

## A. Standard of Review

"A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure presents the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991) (citation omitted). "A statute of limitation or repose may be the basis of a 12(b)(6) dismissal if on its face the complaint reveals the claim is barred." *Forsyth Memorial Hospital v. Armstrong World Industries*, 336 N.C. 438, 442, 444 S.E.2d 423, 426 (1994) (citation omitted).

> Dismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure when one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim.

*Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) (citation omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd*, 357 N.C. 567, 597 S.E.2d 673 (2003).

## B. Analysis

N.C. Gen. Stat. § 1-50(a)(5)a (2007) states:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

"[N.C. Gen. Stat. § 1-50(a)(5)a] is a statute of repose and provides an outside limit of six years for bringing an action coming within its terms." *Whittaker v. Todd*, 176 N.C. App. 185, 187, 625 S.E.2d 860, 861 (citing *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 427-28, 302 S.E.2d 868, 873 (1983)), *disc. rev. denied*, 360 N.C. 545, 635 S.E.2d 62 (2006).

ROEMER v. PREFERRED ROOFING, INC.

[190 N.C. App. 813 (2008)]

"Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 474-75 (1985) (internal citations omitted). "If the action is not brought within the specified period, the plaintiff literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress." *Boudreau v. Baughman*, 322 N.C. 331, 341, 368 S.E.2d 849, 857 (1988) (internal quotation omitted) (emphasis original).

Plaintiff's complaint, filed 18 July 2007, alleged the roofing project "was completed in the summer of 2000, and [p]laintiff accepted the completed project." Plaintiff's complaint was filed approximately seven years after "substantial completion of the improvement." N.C. Gen. Stat. § 1-50(a)(5)a. "Plaintiff's action is barred by the statute of repose which prohibits an action *to recover damages* for 'the defective or unsafe condition of an improvement to real property' that is not brought within six years of 'substantial completion of the improvement.' " *Whittaker*, 176 N.C. App. at 187, 625 S.E.2d at 861 (quoting N.C. Gen. Stat. § 1-50(a)(5)a) (emphasis supplied).

Plaintiff cites *Haywood Street Redevelopment Corp. v. Peterson Co.* for her assertion that the statute of repose does not bar their action to recover compensatory damages in an amount in excess of $10,000.00. 120 N.C. App. 832, 463 S.E.2d 564 (1995), *disc. rev. denied*, 342 N.C. 655, 467 S.E.2d 712 (1996). This Court, in *Whittaker*, addressed this argument and stated:

> In *Haywood*, the plaintiff sued for negligence, breach of contract, and breach of express and implied warranties. This Court held plaintiff's breach of warranty claims were not barred by the statute of limitations because the warranty was for a specified period of time and each day there was a breach a new cause of action accrued. In the instant case, however, plaintiff filed a complaint for monetary damages only and did not sue for breach of warranty. Thus, plaintiff's reliance on *Haywood* is misplaced. We conclude plaintiff's action for monetary damages is barred by the statute of repose, N.C. Gen. Stat. § 1-50(a)(5)a.

176 N.C. App. at 187, 625 S.E.2d at 861-62 (internal citation omitted). While plaintiff's complaint lists her third claim for relief as a breach of warranty action, plaintiff only sought compensatory damages in

**ROEMER v. PREFERRED ROOFING, INC.**

[190 N.C. App. 813 (2008)]

an amount in excess of $10,000.00. Consistent with this Court's reasoning in *Whittaker*, plaintiff's claim for monetary damages only, is barred by the statute of repose pursuant to N.C. Gen. Stat. § 1-50(a)(5)a. 176 N.C. App. at 187, 625 S.E.2d at 861-62.

Plaintiff's remedy for breach of an alleged lifetime warranty claim that is "brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement[,]" lies in specific performance, and not damages. N.C. Gen. Stat. § 1-50(a)(5)a; *see* John N. Hutson, Jr. & Scott A. Miskimon, *North Carolina Contract Law* § 16-7, at 798-99 (2001) (citation omitted) ("Statutes of repose operate differently than statutes of limitation. The term of 'statute of repose' is used to distinguish ordinary statutes of limitation from those statutes that impose a deadline for filing suit unrelated to the actual accrual of the cause of action. A statute of repose serves as an unyielding and absolute barrier that prevents a plaintiff's right to bring suit even before his cause of action may accrue and functions to give a defendant a vested right not to be sued if the plaintiff fails to file within the prescribed time period.").

The trial court properly granted defendant's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. This assignment of error is overruled.

## IV. Conclusion

Plaintiff's action for monetary damages is barred by the applicable six-year statute of repose. N.C. Gen. Stat. § 1-50(a)(5)a. Plaintiff's complaint does not assert a claim for specific performance of the alleged lifetime warranty. The trial court properly granted defendant's motion to dismiss and its order is affirmed.

Affirmed.

Judges McCULLOUGH and STROUD concur.