CHRISTIE v. HARTLEY CONSTR., INC.

[228 N.C. App. 284 (2013)]

GEORGE CHRISTIE AND DEBORAH CHRISTIE, Plaintiffs
v.
HARTLEY CONSTRUCTION, INC.; GRAILCOAT WORLDWIDE, LLC;
AND GRAILCO, INC., Defendants

No. COA12-1385

Filed 16 July 2013

**Statutes of Limitation and Repose—defective building materials —express warranty**

The trial court did not err in a case involving allegedly defective building materials by granting summary judgment in favor of defendants. Despite a twenty-year express warranty of the product, plaintiff had no cause of action for damages because the claim was brought outside the six-year statue of repose under N.C.G.S. § 1-50(a)(5).

HUNTER, JR., Robert N., Judge, concurring in part and dissenting in part.

Appeal by Plaintiffs from order entered 13 August 2012 by Judge Gary E. Trawick in Orange County Superior Court. Heard in the Court of Appeals 10 April 2013.

*Whitfield Bryson & Mason, LLP, by Daniel K. Bryson and Scott C. Harris, for plaintiff-appellants.*

*Ragsdale Liggett PLLC, by William W. Pollock and Angela M. Allen, for defendant-appellee Hartley Construction, Inc.*

*Conner Gwyn Schenck PLLC, by Andrew L. Chapin, for defendant-appellees Grailcoat Worldwide, LLC and GrailCo, Inc.*

*North Carolina Advocates for Justice, by Jonathan McGirt and Law Offices of F. Bryan Brice, Jr., by Matthew D. Quinn, amicus curiae.*

BRYANT, Judge.

Where the six-year statute of repose barred plaintiffs' action despite a twenty year express warranty, we affirm the order of the trial court.

*Facts and Procedural History*

Plaintiffs George and Deborah Christie filed a complaint against defendants Hartley Construction, Inc., (Hartley), GrailCoat WorldWide, LLC, (GrailCoat), and GrailCo, Inc. (GrailCo) (GrailCoat & GrailCo, collectively referred to as "GrailCoat") on 31 October 2011. The complaint alleged that in 2004, plaintiffs entered into an agreement for Hartley to construct a custom home ("Residence") for plaintiffs in Chapel Hill, North Carolina. Plaintiffs alleged that GrailCoat made representations and express warranties to plaintiffs and Hartley that its "direct-applied exterior finish system" - a coating and waterproofing material applied over SIPs (structural insulated panels) – was "well-suited to use over [SIPS]," "waterproof," "does not crack," "is fully warranted," and could last forty or fifty years if maintained properly. Plaintiffs alleged that GrailCoat's website expressly warranted their product for twenty years.

Plaintiffs contend that because of the design of GrailCoat's product and installation instructions provided by GrailCoat, water had leaked in causing the walls of the Residence "to rot and delaminate, compromising the structural integrity of the Residence." Plaintiffs also alleged that GrailCoat's product was inherently defective and in violation of North Carolina Building Codes and applicable industry standards.

Plaintiffs filed the following claims against Hartley on 31 October 2011: breach of contract, breach of implied warranty, negligence/negligence per se, gross or willful and wanton negligence, and unfair and deceptive trade practices. Against GrailCoat, plaintiffs filed a claim of breach of express warranties, breach of implied warranties of merchantability and fitness for a particular purpose, negligence, and unfair and deceptive trade practices. Plaintiffs sought to recover damages against Hartley and GrailCoat in an amount in excess of $10,000.00.

Following the filing of the complaint, Hartley filed an answer on 3 January 2012. GrailCoat filed its answer on 6 January 2012, alleging affirmative defenses along with a motion to dismiss and a motion for judgment on the pleadings. On 18 April 2012, the trial court entered an order denying Hartley[1] and GrailCoat's motion to dismiss and motion on the pleadings.

On 14 June 2012, Hartley filed a motion for summary judgment. Hartley's motion for summary judgment contended that "plaintiffs

---

1. Hartley's motion to dismiss and motion on the pleadings is not found in the record.

cannot forecast competent evidence of fraudulent or willful or wanton conduct, and therefore all claims of the plaintiffs are barred by North Carolina General Statute § 1-50(a)(5)[.]" On 19 June 2012, GrailCoat also filed a motion for summary judgment. On 9 July 2012, plaintiffs filed a motion for summary judgment against GrailCoat on plaintiffs' breach of express warranty claim.

Following a hearing at the 16 July 2012 session of Orange County Superior Court, the trial court entered an order on 13 August 2012: granting Hartley's motion for summary judgment as to all of plaintiffs' claims; granting GrailCoat's motion for summary judgment as to all of plaintiffs' claims; denying plaintiffs' motion for summary judgment against GrailCoat on plaintiffs' breach of express warranty claim; and dismissing Plaintiffs' complaint with prejudice. From this order, plaintiffs appeal.

---

Plaintiffs' sole issue on appeal is whether the trial court erred by granting summary judgment in favor of GrailCoat and GrailCo due to the expiration of the statute of repose.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When considering a motion for summary judgment [t]he trial court must consider the evidence in the light most favorable to the non-moving party.

*Manecke v. Kurtz,* __ N.C. App. __, __, 731 S.E.2d 217, 220 (2012) (citations and quotations omitted). However,

> the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: (1) Proving that an essential element of the opposing party's claim is nonexistent; or (2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

*Fatta v. M&M Props. Mgmt.,* __ N.C. App. __ , __, 727 S.E.2d 595, 598 (2012) (citation omitted).

Here, the applicable statute of repose is set out in section 1-50(a)(5) of the North Carolina General Statutes, which states that

> [n]o action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C. Gen. Stat. § 1-50(a)(5). "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Dawson v. N.C. Dep't of Env't & Natural Res.*, 204 N.C. App. 524, 528, 694 S.E.2d 427, 430 (2010) (citation omitted). "Whether a statute of repose has run is a question of law. Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired." *Glens of Ironduff Prop. Owners Ass'n v. Daly*, ___ N.C. App. ___, ___, 735 S.E.2d 445, 447 (2012) (citations omitted).

Plaintiffs allege that they entered into an agreement with Hartley for the construction of their home in August 2004 (Hartley states in its Answer that the date of the agreement was April 2004), during which time Hartley installed GrailCoat's products. The Certificate of Occupancy for the Residence was issued on 22 March 2005, indicating the last act or omission of defendants giving rise to the cause of action.

In order to file a timely action under the statute of repose, N.C. Gen. Stat. § 1-50(a)(5), plaintiffs would have had to bring their action within six years, by 22 March 2011. Plaintiffs' complaint filed on 31 October 2011 was outside the statutory limit, and therefore, untimely. Plaintiffs argue, however, that GrailCoat made an express warranty of 20 years through their website, and therefore based on that warranty, their complaint is timely. We disagree.

Our Court's decision in *Roemer v. Preferred Roofing*, 190 N.C. App. 813, 660 S.E.2d 920 (2008), is instructive. In *Roemer*, on 23 November 1999, the plaintiff homeowner and the defendant roofing company entered into a contract to remove the existing roof on the plaintiff's home and replace it with a new roofing system which had an express lifetime warranty. *Id.* at 814, 660 S.E.2d at 922. "Several years after the project was completed, plaintiff discovered alleged defects with the roof including: (1) loose slate tiles; (2) separation of gutters from the house; and (3) rotten wood under the roof." *Id.* On 18 July 2007, seven years after "substantial completion of the improvement," the

plaintiff filed a complaint against the defendant claiming negligence, breach of contract, and breach of warranty, and seeking compensatory damages in excess of $10,000.00. *Id.* The defendant moved to dismiss all of the plaintiff's claims, and the trial court dismissed plaintiff's claim for damages or breach of warranty with prejudice based on the statute of repose. *Id.*

Our Court in *Roemer* upheld the trial court's ruling granting the defendant's motion to dismiss, and held that "[i]f the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque injuria* – a wrong for which the law affords no redress." *Id.* at 816, 660 S.E.2d at 923 (citation omitted). Furthermore, our Court noted that "[p]laintiff's remedy for breach of an alleged lifetime warranty claim that is 'brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement[,]' lies in specific performance, and not damages." *Id.* at 817, 660 S.E.2d at 923 (citations omitted).

In the present case, as in *Roemer*, defendant's last act or omission was more than six years before the action was brought. Id. at 814, 660 S.E.2d at 922. Despite an express lifetime warranty as in *Roemer*, or for twenty years as in the present case, a plaintiff whose action is not filed within the time set forth in the statute of repose has no cause of action for damages. *Id.* at 816, 660 S.E.2d at 923. Therefore, we hold that plaintiffs' action is barred by the statute of repose set forth in N.C.G.S. § 1-50(a) (5). *See Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985) (noting the effect of the statute of repose albeit under a different statute, as "an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue[.]"). Accordingly, the trial court's order dismissing plaintiffs' complaint is affirmed.

Affirmed.

Judge MCCULLOUGH concurs.

Judge HUNTER, JR., Robert N., concurs in part and dissents in part by separate opinion.

HUNTER, JR., Robert N., Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court correctly granted

**CHRISTIE v. HARTLEY CONSTR., INC.**

[228 N.C. App. 284 (2013)]

summary judgment on all claims against Hartley and the claims against GrailCoat, with the exception of the breach of express warranties claim. I do not agree with the majority that *Roemer v. Preferred Roofing*, 190 N.C. App. 813, 660 S.E.2d 920 (2008), together with the routine application of the requirement that one panel of the court of appeals may not overrule another, *In Re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), dictates the result in this case regarding the breach of warranty claim. I would reverse on this claim.

*Roemer* involved the application of a warranty "of the dependability and reliability of the installation of [a] roof." 190 N.C. App. at 814, 660 S.E.2d at 922. The opinion did not state the terms of the warranty and did not provide reasoning for why specific performance would be the sole remedy under those terms, so I would presume that the warranty in that case required specific performance.

The present case involves a "full warranty." It would be a paradoxical that the statute of repose would void all claims where the parties have contractually agreed to a period of remedy that exceeds the statute of repose. I would limit *Roemer* to its facts and hold that a full warranty which exceeds the time period for the statute of repose is a waiver of the statute for all claims. If, however, the contract between the parties limits the remedies in some express fashion, then claims brought beyond the statute of repose would be limited to specific contractual relief as in *Roemer*.

*Roemer* is a case of poor pleading. I believe my approach reconciles *Roemer* with the jurisprudence of our courts pre-*Roemer*. By its decision, the majority expands *Roemer* to void all claims, a result the *Roemer* case does not require. I find the logic of Judge Boyle's decision in the post-*Roemer* case of *Hart v. Louisiana-Pacific Corp.*, Order, No. 2:08-CV-47-BO (E.D.N.C. Nov. 19, 2009), to be persuasive as I do the assessment of the authors of North Carolina Contract Law § 16-7 (2009 Cum. Supp.). To hold otherwise would unnecessarily impair the obligation of, and therefore the freedom to, contract. For those reasons, I would reverse as to the breach of warranty claim against GrailCoat.